NUMBER 13-03-717-CR

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





GILBERT MENDEZ,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 347th District Court
of Nueces County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Memorandum Opinion by Justice Castillo

         Gilbert Mendez appeals his convictions for murder


 and aggravated assault.


 
The jury sentenced him for the murder to seventy years and for the aggravated assault
to twenty years confinement in the Institutional Division of the Texas Department of
Criminal Justice, to run concurrently. The trial court has certified that Mendez has the
right of appeal. See Tex. R. App. P. 25.2(a)(2). In one issue, Mendez contends his trial
counsel was ineffective for not objecting to evidence of: (1) Mendez's affiliation with
a cadre of felons with bonds forged in the Texas prison system;


 and (2) Mendez's
incriminating statements before and after the murder.


 We affirm. 
I. BACKGROUND
         This is a memorandum opinion not designated for publication. The parties are
familiar with the facts. We will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
         Jerry Martinez was rumored to have shot Steve Ayala during an altercation
involving several people. A few days later at the beach, a large group surrounded
Martinez's car. They kicked and hit the car, breaking out the rear window. Gunfire
erupted. Martinez died. His wife survived. The State charged Mendez with the
crimes.  
II. DISPOSITION 
         We use a familiar two-prong standard when reviewing ineffective-assistance-of-counsel claims. Strickland v. Washington, 466 U.S. 668, 689 (1984). We first decide
whether trial counsel's representation fell below an objective standard of
reasonableness under prevailing professional norms. Id. at 687. If counsel's
performance was deficient, we decide whether there is a "reasonable probability" the
result of the trial would have been different but for counsel's deficient performance. 
Id. A reasonable probability is a "probability sufficient to undermine confidence in the
outcome." Id. at 694. Absent both showings, we cannot conclude that the
conviction resulted from a breakdown in the adversarial process that renders the result
unreliable. Id. at 687; Ex parte Menchaca, 854 S.W.2d 128, 131 (Tex. Crim.
App. 1993); Boyd v. State, 811 S.W.2d 105, 109 (Tex. Crim. App. 1991). 
         The appellant bears the burden of proving ineffective assistance of counsel by
a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998) (per curiam); Riascos v. State, 792 S.W.2d 754, 758 (Tex. App.–Houston
[14th Dist.] 1990, pet. ref'd). A claim of ineffective assistance of counsel must be
firmly supported in the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996) (per curiam). When determining the validity of claimed ineffective
assistance of counsel, we must be highly deferential to trial counsel and avoid the
distorting effects of hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim.
App. 1984). We presume counsel's performance was the result of sound trial
strategy. Strickland, 466 U.S. at 689; Stafford v. State, 813 S.W.2d 503, 506 (Tex.
Crim. App. 1991). Generally, as Mendez acknowledges in his brief, the trial record will
not be sufficient to establish ineffective assistance of counsel. Thompson v. State,
9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). A silent record cannot rebut the
presumption that counsel's performance was the result of reasonable strategy. 
Strickland, 466 U.S. at 688; Stafford, 813 S.W.2d at 506. However, an appellant
may rebut the presumption by providing a record from which the appellate court
may determine that trial counsel's conduct was not based on strategic or tactical
decisions. Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994). An
evidentiary hearing on a motion for new trial may provide the needed record. Robinson
v. State, 16 S.W.3d 808, 813 (Tex. Crim. App. 2000). There was no evidentiary
hearing in this case. 
         Evidence of Mendez's membership in the cadre and the varied criminal activities
of its members could have been admissible under rule 404(b) as evidence of the
motive, plan, preparation, knowledge, or intent of the participants in the crimes with
which Mendez was charged. See Tex. R. Evid. 404(b); see also Hernandez v. State,
52 S.W.3d 268, 283 (Tex. App.–Corpus Christi 2001, no pet.). We cannot conclude
on this record alone that trial counsel was deficient for not objecting to the evidence. 
Similarly, evidence of Mendez's incriminating statements before and after the crimes
could have been admissible under rule 803(24) as statements against interest. See
Tex. R. Evid. 803(24); see also Brown v. State, 871 S.W.2d 852, 855 (Tex.
App.–Corpus Christi 1994, pet. ref'd). Again, we cannot conclude on this record
alone that trial counsel was deficient for not objecting. 
         We will not base a finding of ineffectiveness on speculation. Gamble v. State,
916 S.W.2d 92, 93 (Tex. App.–Houston [1st Dist.] 1996, no pet.). On this record,
we conclude that Mendez has failed to establish that his trial counsel was ineffective. 
Without a record of trial counsel's overall performance and strategic decisions, we
cannot determine if counsel's performance was objectively deficient or if it created an
unnecessarily disadvantageous result.


 See Jackson, 877 S.W.2d at 771. Mendez
has not rebutted the presumption he was adequately represented. See id. We
overrule Mendez's sole issue. 
 III. CONCLUSION
         Having overruled Mendez's issue on appeal, we affirm the judgment and
sentence of the trial court. 
                                                               ERRLINDA CASTILLO
                                                               Justice


Do Not Publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 31st day of August, 2004.