**Ex parte Eddie MENCHACA.**

**No. 71567.**

Court of Criminal Appeals of Texas,
En Banc.

May 12, 1993.

Ian Inglis and Erik S. Goodman, Austin,
for appellant.

Robert Huttash, State's Atty., Austin,
for State.

## OPINION

BAIRD, Judge.

This is a post-conviction application for a writ of habeas corpus brought pursuant to Tex.Code Crim.Proc.Ann. art. 11.07, § 2. Applicant was convicted of delivery of a controlled substance and sentenced to seventy-three years confinement. The Court of Appeals affirmed. *Menchaca v. State*, No. 03–90–0028–CR (Tex.App.—Austin, delivered February 13, 1991, pet. ref'd). Ap-

plicant contends he was denied the effective assistance of counsel at trial.[1]

Applicant was tried for delivery of 0.13 grams of methamphetamine. During cross-examination, the State elicited testimony from applicant concerning his prior conviction for rape.[2] Applicant contends his trial counsel was ineffective in failing to file a motion in limine to prohibit introduction of a prior conviction; failing to object to the prosecutor's examination regarding the prior conviction; failing to request, or object to the omission of, an instruction limiting the jury's consideration of the prior conviction to impeaching applicant's credibility; and, reminding the jury of the prior offense during his closing argument.

This case presents two issues. The threshold issue is whether the prior conviction was admissible and, if inadmissible, whether trial counsel was ineffective in failing to contest its admission.

### I. THE FACTS

During the guilt/innocence phase of the trial, Gilbert Towns, an undercover narcotics officer, testified he and applicant drove to a parking lot in applicant's vehicle and parked alongside a vehicle occupied by Ida Parmer, another undercover officer. Towns exited the truck, walked to Parmer's car and sat for a moment. Towns then walked around the vehicle and stood between applicant and Parmer. Towns testified applicant handed him a cassette tape box containing a controlled substance and Towns delivered the box to Parmer. Towns further testified Parmer removed the controlled substance and placed $50.00 in the box. Parmer handed the box to Towns, who handed it to applicant. Towns' testimony was corroborated by Parmer. Finally, Towns denied making any comments to his former girlfriend, Glenda Holubec, after applicant's arrest.

Applicant testified he never touched the cassette tape box. He testified Towns must have passed the controlled substance to Parmer when Towns got into Parmer's car. To explain why Towns would perjure himself, applicant testified to jealousy and animosity between the two men arising from an incident wherein applicant confronted Towns about dancing too much with applicant's girlfriend and "hit[ting] up on her."

At the beginning of the State's cross-examination of applicant the following occurred:

Q. [Applicant], is it your testimony today that you have no knowledge of the drug transaction that took place on September 8th, 1988, in the M–System's parking lot up on North Bryant, in Tom Green County, Texas?

A. No, Sir.

Q. That's not your testimony?

A. No, Sir. I have no knowledge of any drugs.

Q. Okay. Then it is your testimony that you don't have any knowledge?

A. Yes, Sir.

Q. Okay, [Applicant], have you ever been convicted of an offense involving moral turpitude?

A. You mean a felony, Sir?

Q. Yeah.

A. Yes, Sir.

Q. You have been?

A. Yes, Sir.

Q. Okay. What was that felony you were convicted of?

A. Rape, Sir.

Applicant's testimony relating to Towns' animosity was corroborated by applicant's girlfriend, who testified that one evening, while she, applicant, and Towns were out, Towns had danced with her "quite a bit," and "[Applicant] was very upset about it." Additionally, Towns' former girlfriend, Glenda Holubec, testified she had a conversation with Towns after applicant's arrest

---

1. Applicant's Ground for Relief alleges:
   Applicant was denied effective assistance of counsel at trial, in violation of his rights under the Sixth Amendment to the United States Constitution and Art. I, Section 10 of the Texas Constitution.

2. The offense of rape is now known as sexual assault and is proscribed by Tex.Penal Code § 22.011.

and Towns' expressed remorse over what had happened to applicant.

It is evident the jury struggled with the conflicting testimony. Shortly after beginning its deliberations, the jury delivered a note to the trial judge requesting portions of the State's evidence. Approximately three hours later, the jury delivered a second note to the trial judge indicating it was deadlocked. Forty minutes after receiving a "dynamite charge" from the judge, the jury sent word that it had reached a verdict.[3]

## II. ADMISSIBILITY

■ We must first decide whether evidence of applicant's prior conviction was admissible. After a hearing on this application, the habeas judge made the following conclusions and findings:

I specifically find that [applicant's] probation in the rape case was not revoked, but I further find that the term of probation expired by operation of time. *I conclude as a matter of law that mere expiration of the probationary term does not constitute satisfactory conclusion of probation.* I find that [applicant] did not "satisfactorily" or "successfully" complete the term of his probation within the meaning of [Tex.R.Crim.Evid. 609(c)]. I find that the introduction into evidence for purposes of impeachment of the prior rape conviction was not barred per se by any of the provisions of [Rule 609].[4]

Applicant contends the prior offense was inadmissible under Tex.R.Crim.Ev. 609(c) because he had completed his term of probation. For the following reasons, we agree.[5]

Since September 1, 1986, the admissibility of prior convictions for the purpose of impeachment has been governed by Tex.

R.Crim.Ev. 609. The relevant portions of Rule 609 are as follows:

(a) **General rule.** For purposes of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

(b) **Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

(c) **Effect of pardon, annulment, or certificate of rehabilitation.** Evidence of a conviction is not admissible under this rule if (1) based on the finding of the rehabilitation of the person convicted, the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure, and that person has not been convicted of a subsequent crime which was classified as a felony of involved moral turpitude, regardless of punishment, or (2) probation has been *satisfactorily completed* for the crime for which the person was convicted, and that person has not been convicted of a subsequent crime which was classified as a felony or involved moral turpitude, regardless of punishment, or (3) based on a finding of innocence, the conviction has been the subject of a par-

---

3. A "dynamite charge," or "Allen" charge, is one instructing a deadlocked jury to continue deliberating. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

4. Unless otherwise indicated, all emphasis is supplied.

5. Applicant also contends the prior conviction was inadmissible because the conviction was more than ten years old at the time of trial. Applicant's trial occurred in September, 1989. Applicant was convicted of, and placed on probation for, rape November 10, 1978. Because we find applicant's first contention has merit, we need not address this contention.

don, annulment, or other equivalent procedure.

This case presents our first opportunity to examine the admissibility of prior conviction impeachment evidence under Rule 609(c). To resolve this issue we draw on our decisional authority interpreting Tex. Code Crim.Proc.Ann. art. 38.29, the predecessor of Rule 609. Under art. 38.29, impeachment with a prior conviction was restricted to final convictions, suspended sentences that had not been set aside and probations that had not expired. *Cross v. State*, 586 S.W.2d 478, 481 (Tex.Cr.App. 1979); *Kirvin v. State*, 575 S.W.2d 301, 303 (Tex.Cr.App.1978, panel opinion). In *Adams v. State*, 685 S.W.2d 661, 669 (Tex. Cr.App.1985), we found error where the State impeached a witness whose probationary term had expired. The foregoing holdings are consistent with those of the courts of appeals interpreting Rule 609. *See, Wunneburger v. State*, 844 S.W.2d 864, 867 (Tex.App.—Amarillo, 1992); *Cunningham v. State*, 815 S.W.2d 313, 318 (Tex.App.—Dallas, 1991); *Cryan v. State*, 798 S.W.2d 333 (Tex.App.—Beaumont, 1990); *Mead v. State*, 759 S.W.2d 437, 443 (Tex.App.—Fort Worth, 1988).

■ In light of these holdings, we hold that there is no distinction between a probation period that has expired and one that is satisfactorily completed. Therefore, when the probationary term has expired and the witness has not been subsequently convicted of a felony or crime involving moral turpitude, the prior conviction is *not* admissible for impeachment purposes. Rule 609(c). Accordingly, we hold the evidence of applicant's prior conviction was inadmissible.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Having determined applicant's prior conviction was inadmissible, we next consider whether trial counsel was ineffective for failing to prevent its admission. The standard by which we review the effectiveness of counsel at the guilt-innocence stage of a non-capital trial was articulated in *Strickland v. Washington*, 466 U.S. 668, 104

S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by this Court in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Cr.App.1986). The Supreme Court in *Strickland* outlined a two-step analysis. First, the reviewing court must decide whether trial counsel's performance failed to constitute "reasonably effective assistance." Stated differently, the question is whether trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. If counsel's performance fell below the objective standard, the reviewing court then must determine whether there is a "reasonable probability" the result of the trial would have been different but for counsel's deficient performance. A reasonable probability is a "probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Absent both showings, we cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.*, 466 U.S. at 687, 104 S.Ct. at 2064. *Boyd v. State*, 811 S.W.2d 105, 109 (Tex.Cr.App.1991).

At the evidentiary hearing on this application, applicant's trial counsel testified he did not file a motion in limine to prevent admission of the prior conviction because, although he thought the conviction was inadmissible, he did not believe the State would seek to offer evidence of the prior conviction. Trial counsel further testified that he stood to object when the question about the prior conviction was asked, but did not know what the basis of his objection would have been. Trial counsel did not request an instruction to limit the jury's consideration of the prior offense because he hoped "some of [the jurors] didn't hear it" or "didn't understand it." Once applicant's previous conviction was revealed during cross-examination, it was not referred to again until trial counsel's jury argument.

[DEFENSE COUNSEL]

Mr. Menchaca is not a trained witness. He had a plea bargain case ten, eleven, twelve years ago that was a plea bargain situation where he received a probation,

and we know that, and *we'll hear about it again.* It wasn't a narcotics case, it was a rape case—many years ago.

Later, during the State's closing argument, the prosecutor responded:

[THE STATE:]

*But I'll tell you what a character defect is, folks, and that's somebody that commits rape.* And [defense counsel] wants to compare Eddie Menchaca to Gilbert Towns, a Texas certified peace officer who's out there fighting the war on drugs. And [defense counsel] wants to come in and say, "Well, Eddie Menchaca, you ought to believe him." *He's a convicted rapist.* Give me a break.

This case is similar to *Lyons v. McCotter,* 770 F.2d 529 (5th Cir.1985). Lyons was charged with aggravated robbery. The victim, who positively identified Lyons at his trial, testified "that the store was well lit, that her focus was directed at Lyons, and that she was able to observe [Lyons] from two feet away with both full face and side view for about five minutes." *Id.,* at 530. Moreover, the victim identified Lyons from a photo array and personal line-up. Lyons called twelve witnesses to establish the defenses of mistaken identity and alibi. *Id.,* at 531. On cross-examination the State questioned one of those witnesses about the details of Lyons' criminal record. That witness testified, *without objection,* that Lyons had previously been convicted of robbery and subsequently paroled. Lyons' counsel failed to request an instruction limiting the jury's use of the prior conviction. Finally, the State commented on Lyons' prior robbery conviction during closing argument. *Id.*

The Fifth Circuit held the first prong of *Strickland* had been met.

... To pass over the admission of prejudicial and arguably inadmissible evidence may be strategic; to pass over the admission of prejudicial and clearly inadmissible evidence, as here, has no strategic value. ... As we said in *Nero v. Blackburn,* 597 F.2d 991 (5th Cir.1979) (failure of defense counsel to request a mistrial),

[w]e can hardly imagine anything more prejudicial to Nero than allowing the jury in his armed robbery case to hear the prosecutor's comments that Nero had been convicted twice before of burglary and once on drug charges. The jury may well have convicted Nero of the charged offense because it was aware of his prior convictions.

597 F.2d at 994. Similarly, here there could be no strategic basis for allowing the jury to hear that Lyons previously had been convicted of the same offense for which he stood trial.

*Lyons,* 770 F.2d at 534.

■ In the instant case, applicant's trial counsel failed to file a motion in limine requesting the trial judge instruct the State not to elicit testimony regarding the prior conviction. The record demonstrates trial counsel was literally caught "flat footed" at applicant's trial and failed to object when an objection was required. He further failed to minimize the possible harm by requesting an instruction limiting the jury's use of the prior conviction, and, finally, counsel referred to applicant's prior conviction during his argument, prompting the State's emphasis of it during closing argument: For these reasons, we find counsel's performance fell below the "objective standard of reasonableness under prevailing professional norms." The first step of *Strickland* is satisfied. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066.

■ We must now determine whether counsel's deficient conduct was sufficient to undermine our confidence in the verdict. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. When addressing the second step of *Strickland* we examine counsel's errors not as isolated incidents, but in the context of the overall record. *Bridge v. State,* 726 S.W.2d 558, 571 (Tex.Cr.App.1986).

■ At the evidentiary hearing, the habeas judge acknowledged applicant's guilt or innocence turned on the credibility of the witnesses at trial. According to the State's witnesses, applicant placed a controlled substance into a plastic cassette tape box and exchanged it for money. According to applicant's testimony, he was framed. Applicant contends the evidence of his prior

rape conviction caused the jury to be disinclined to believe his testimony because the jury was forced to weigh his credibility against the credibility of the State's primary witness, Towns.

In *Crockett v. McCotter*, 796 F.2d 787 (5th Cir.1986), Crockett contended four of his ten prior convictions were inadmissible at the punishment phase of his trial for burglary, and therefore his trial counsel was ineffective in failing to object to their admission. *Id.*, at 790. The Fifth Circuit found two of the four prior convictions were inadmissible. Therefore, Crockett's trial counsel's performance was deficient under the first step of *Strickland. Id.*, at 792–793. The Fifth Circuit then enumerated several factors to determine whether the second step of *Strickland* was met: the weight, nature, and focus of the evidence presented to the jury; the nature of the prosecutor's closing argument; and the relative role the disputed conviction played in the outcome of the trial. *Id.*, at 793–794. After employing these factors, the Court held the second step of the *Strickland* had not been met because the sentencing phase did not focus on applicant's past criminal record but on the nature of the particular burglary to which Crockett had pled guilty. Additionally, the prosecutor, in his closing argument, emphasized the charged offense, and not Crockett's prior convictions. The Fifth Circuit held Crockett's prior convictions played only a minimal role in the outcome of the trial and therefore denied relief. *Id.*, at 794–796.

The instant case is easily distinguishable from *Crockett*. Initially, we note that applicant's prior conviction was admitted during the guilt-innocence stage of the trial while Crockett's prior conviction(s) were admitted only at the punishment phase. Moreover, as set forth above, the question of applicant's guilt was seriously contested while Crockett did not contest his guilt. Therefore, we conclude the consequences of the admission of applicant's prior conviction were necessarily more severe than those in *Crockett*.

When examined in the overall context of the record, we find applicant's prior conviction permeated the entire guilt-innocence phase of the trial, from trial counsel's failure to file a pretrial motion in limine to the State's closing argument.[6] The determination of applicant's guilt rested entirely on the credibility of the witnesses. As the prosecutor told the jury during argument, this was "just a good ole ... West Texas shouting match." Seizing the last opportunity to address the jurors before they began deliberating, the State used the prior conviction to undermine applicant's credibility and stated that applicant was not worthy of belief because he was "a convicted rapist." During its deliberations, the jury became deadlocked on the issue of guilt.

When viewed in the context of the entire record, counsel's deficient performance undermined applicant's credibility which was at the very heart of his defense. *Cf., Rico v. State*, 707 S.W.2d 549 (Tex.Cr.App.1983). As noted above, the course of conduct undertaken by trial counsel cannot be considered sound trial strategy. *Lyons*, 770 F.2d at 535. Therefore, counsel's deficient performance is sufficient to undermine our confidence in the verdict. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

As both steps of the *Strickland* test have been met, we hold trial counsel's "omissions were outside the wide range of professionally competent assistance," *Id.*, 466 U.S. at 690, 104 S.Ct. at 2066, and thus constituted ineffective assistance of counsel. *Lyons*, 770 F.2d at 535.

Applicant is remanded to the Sheriff of Tom Green County to answer the indictment.

It is so ordered.

---

**6.** In relation to trial counsel's failure to request a limiting instruction, the habeas judge conceded that applicant would have been entitled to an instruction that the rape conviction could be considered only on the issue of applicant's credibility.