Opinion issued March 16, 2006















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00454-CR




JARVIS DEWAYNE DENMAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 984067




O P I N I O NA jury found appellant, Jarvis Dewayne Jarvis DeWayne Denman, guilty of aggravated assault
and assessed punishment at 13 years. Appellant presents four issues on appeal: (1)
the evidence is legally insufficient to support the conviction; (2) the evidence was
factually insufficient to support the conviction; (3) the trial court erred in not
including an application paragraph in the jury charge on the defense of self-defense
with non-deadly force under section 9.31 of the Penal Code


; and (4) trial counsel was
ineffective because he elicited appellant’s prior felony convictions on direct
examination. We affirm. 
BACKGROUND
          On April 11, 2004, Officer Gerald J. Robertson responded to a 911emergency
call from an apartment complex. A neighbor, Steve Lee, had heard a prolonged
scuffle coming from the apartment above his, and became alarmed after it lasted for
a significant amount of time—nearly ten minutes. Robertson, after briefly speaking
with Lee, went to appellant’s apartment, which he shared with his girlfriend—the
complainant—and their son. Robertson found the door ajar, announced his presence,
then again announced his presence as he entered. He saw appellant, and handcuffed
him. Robertson proceeded to the master bedroom where he saw complainant lying
on her stomach with the couple’s son by her side. Paramedics arrived and determined
that complainant had suffered severe head trauma. She was transferred by Life Flight
to a nearby hospital where emergency neurosurgery was performed on her. After a
lengthy stay at the hospital, complainant was transferred to a long-term care facility
where she remains in a persistent vegetative state.
          At trial, appellant testified in his own defensthat he kicked complainant in the head in self-defense after a struggle which that began when she poked his foot with a knife and pointed
a loaded shot-gun at him. Specifically, appellant testified that when complainant
pointed the shotgun at him, he ran toward her, kicked open the door to the master
bedroom where she was, pushed her down, and grabbed her by the hair. At this point,
according to his testimony, complainant broke free and attempted to grab the shotgun. 
Appellant, still afraid for his life, kicked complainant. Appellant testified that this
was the only time that he struck complainant with his feet or fists. Appellant also
called six witnesses who each testified about various incidents in the past between
appellant and complainant in which complainant had assaulted or threatened
appellant with weapons. 
LEGAL SUFFICIENCY
          Appellant first asserts that the evidence is legally insufficient to support his
conviction for aggravated assault with a deadly weapon because he did not have the
requisite culpable mental state to cause serious bodily injury to the complainant since
he acted out of self-defense. The standard for reviewing the legal sufficiency of the
evidence is whether, after reviewing the evidence in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct.
2781, 2788–89 (1979).
           Appellant couches the central thrust of his argument in these terms: “[T]he
evidence in this case is legally insufficient since no rational trier of fact could have
found that Appellant intentionally, knowingly, or recklessly caused the serious injuries
to the complainant beyond a reasonable doubt.” However, what this argument leaves
implicit contains what appellant’s real contention is, and must be: because appellant
was the only witness as to what occurred in the apartment bedroom that night and he
testified that he did not intentionally, knowingly, or recklessly injure complainant, no
rational jury could have found him guilty.
          Appellant’s argument overlooks what is an axiomatic characteristic of our
jurisprudence: “[a]s factfinder, the jury is entitled to judge the credibility of witnesses,
and can choose to believe all, some, or none of the testimony presented by the parties.” 
Chambers v. State, 805 S.W.2d 459 (Tex. Crim. App. 1991). Because the jury, by
finding appellant guilty, implicitly rejected his self-defense theory, it necessarily chose
not to believe the testimony concerning such. Saxton, 804 S.W.2d at 914. The jury
did not have to accept appellant’s self-defense theory—appellant’s testimony does not
“prove,” by itself, a claim of self-defense. The Court of Criminal Appeals has held
that a defendant’s own statement regarding his intent is not enough to render the
evidence, without more, insufficient. See Sells v. State, 121 S.W.3d 748, 754 (Tex.
Crim. App. 2003) (holding that only evidence weighing against jury finding that
defendant entered home with no specific intent to commit sexual assault was
defendant’s own statement and this was not enough to render evidence insufficient). 
This same line of reasoning applies equally well to appellant’s witnesses who testified
to past incidents between appellant and complainant—just as appellant’s bald
statements do not, by themselves, “prove” self-defense, neither did appellant’s
witnesses testimony, standing alone, “prove” self-defense. We hold that the evidence,
when viewed in the light most favorable to the verdict, is legally sufficient such that
a rational trier of fact could have found appellant guilty beyond a reasonable doubt.. 
Jackson, 443 U.S. at 318–19, 99 S. Ct. at 2788–89. Accordingly, appellant’s first
point of error is overruled.
           Appellants argument as to the legal sufficiency of the evidence simply parrotshis argument concerning the factual sufficiency of the evidencethat no rational trierof fact could have found appellant guilty beyond a reasonable doubt because heonlykicked complainant once in self-defense. In light of the more deferential standardof review we utilize in the legal sufficiency context, our conclusion also mirrors thatfounds in the factual sufficiency analysis above.                                  FACTUAL SUFFICIENCY
          Appellant first next contends that the evidence is factually insufficient to support
his conviction for aggravated assault with a deadly weapon because the he was acting
out of self-defense and therefore did not have the requisite culpable mental state. 
That is, appellant asserts that the evidence is necessarily insufficient because he
proved a self-defense defense and he therefore could not have acted intentionally,
knowingly, or recklessly to cause serious bodily injury as required by statute. See
Tex. Pen. Code Ann. § 22.01–02 (Vernon 2005)(setting out required mental state for
an assault). 
          “There is only one question to be answered in a factual-sufficiency review: 
Considering all of the evidence in a neutral light, was a jury rationally justified in
finding guilt beyond a reasonable doubt?” Zuniga v. State, 144 S.W.3d 477, 484–85
(Tex. Crim. App. 2004). “[W]e view all of the evidence in a neutral light, and we will
set the verdict aside only if the evidence is so weak that the verdict is clearly wrong
and manifestly unjust, or the contrary evidence is so strong that the standard of proof
beyond a reasonable doubt could not have been met.” Escamilla v. State, 143 S.W.3d
814, 817 (Tex. Crim. App. 2004) (citing Zuniga, 144 S.W.3d at 484–85). When a
jury finds the defendant guilty, there is an implicit finding against the defensive
theory presented at trial. Saxton v. State, 804 S.W.3d 910, 914 (Tex. Crim. App.
1991).



Appellants contentionsthat he proved he acted in self-defense viahistestimony and the testimony of his witnesses, and therefore could not have had therequisite culpable mental stateoverlooks what is an axiomatic characteristic of ourjurisprudence: [a]s factfinder, the jury is entitled to judge the credibility ofwitnesses, and can choose to believe all, some, or none of the testimony presented bythe parties. Chambers v. State, 805 S.W.2d 459 (Tex. Crim. App. 1991). Because the jury, by finding appellant guilty, implicitly rejected his self-defense theory, theynecessarily chose not to believe the testimony concerning such. Saxton, 804 S.W.2dat 914. Neither appellants testimony nor that of his witnesses can prove, by itself,anythingthe Court of Criminal Appeals has held that a defendants own statementregarding his intent is not enough to render the evidence, without more, insufficient. See Sells v. State, 121 S.W.3d 748, 754 (Tex. Crim. App. 2003) (holding that onlyevidence weighing against jury finding that defendant entered home with no specificintent to commit sexual assault was defendants own statement and this was notenough to render evidence insufficient). This same line of reasoning applies equallywell to appellants witnesses who testified to past incidents between appellant andcomplainant. Moreover, looking at the evidence adduced at trial, it clear that a rational jury wasjustified in finding guilt beyond a reasonable doubt. Zuniga, 144 S.W.3d at 484-85. Theneighbor Lee testified that he heard a struggle that lasted for five-eightminutes, andrepeatedly heard complainant beg her assailant2 to stop, saying Oh, please, no. Oh, no,please, no, and also heard an angry male voice. The emergency room doctor fromthe hospital that first received complainant before she was transferred for emergencybrain surgery by Life Flight, testified that she was completely unresponsive, unableto communicate, and did not have pupillary reflex, all consistent with severe injuryto the brain. Moreover, he testified that she had a contusion or bruise to the leftside of the head, abrasions to the left side of the face and nose, and evidence of bloodin her nose. In his medical opinion, this was consistent with being struck or hitmultiple times in the head. The neurosurgeon who performed the emergency brainsurgery on appellant testified that complainant had severe brain swelling which wasconsistent with a severe impact to the brain.          Looking at the evidence adduced at trial, it clear that a rational jury was
justified in finding guilt beyond a reasonable doubt. Zuniga, 144 S.W.3d at 484–85. 
Lee testified that he heard a struggle that lasted for five to eight minutes, and
repeatedly heard complainant beg her assailant to stop, saying “Oh, please, no. Oh,
no, please, no,” and also heard an angry male voice. The emergency room doctor
from the hospital that first received complainant before she was transferred for
emergency brain surgery by Life Flight testified that she was completely
unresponsive, unable to communicate, and did not have pupillary reflex, all consistent
with “severe injury to the brain.” Moreover, he testified that “she had a contusion or
bruise to the left side of the head, abrasions to the left side of the face and nose, and
evidence of blood in her nose.” In his medical opinion, this was consistent with being
struck or hit multiple times in the head. The neurosurgeon who performed the
emergency brain surgery on appellant testified that complainant had severe brain
swelling which was consistent with a severe impact to the brain. Looking at all this
evidence in a neutral light, we conclude that the evidence is not so weak that the
verdict is clearly wrong and manifestly unjust, and that the contrary evidence is not
so strong that the standard of proof beyond a reasonable doubt could not have been
met. Escamilla, 143 S.W.3d at 817. Accordingly, appellant’s second point of error
is overruled.
LEGAL SUFFICIENCYAppellant next asserts that the evidence is legally insufficient to support theconviction for aggravated assault with a deadly weapon since appellant did not have the requisite culpable mental state since he acted out of self-defense. The standard forreviewing the legal sufficiency of the evidence is whether, after reviewing the evidence inthe light most favorable to the verdict, any rational trier of fact could have found the essentialelements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19,99 S. Ct. 2781, 2788-89 (1979).Appellants argument as to the legal sufficiency of the evidence simply parrots hisargument concerning the factual sufficiency of the evidencethat no rational trier of factcould have found appellant guilty beyond a reasonable doubt because he only kickedcomplainant once in self-defense. In light of the more deferential standard of review weutilize in the legal sufficiency context, our conclusion also mirrors that founds in the factualsufficiency analysis above. The jury did not have to accept appellants self-defense theory,and, as delineated above, there was ample evidence in the record such that a rational jurycould have found the essential evidence of the crime beyond a reasonable doubt. Jackson,443 U.S. at 318-19, 99 S. Ct. at 2788-89. Accordingly, appellants second point of erroris overruled.
JURY CHARGE
          Appellant’s third point of error is that the trial court erred by failing to include
an application paragraph in the jury charge applying the law of self-defense regarding
non-deadly force pursuant to section 9.31 of the Penal Code.


 Article 36.19 of the
Code of Criminal Procedure prescribes the standard of review for jury charge errors:
Whenever it appears by the record in any criminal action upon appeal
that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18
has been disregarded, the judgment shall not be reversed unless the error
appearing from the record was calculated to injure the rights of
defendant, or unless it appears from the record that the defendant has not
had a fair and impartial trial. All objections to the charge and to the
refusal of special charges shall be made at the time of the trial.

Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2005). The Court of Criminal
Appeals has prescribed a two-step test for jury charge errors: “First, an appellate court
must determine whether error exists in the charge. Second, the appellate court must
determine whether sufficient harm was caused by the error to require reversal of the
conviction.” Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). The
degree of harm that must be present to require reversal of a case depends upon
whether the error was preserved or unpreserved. Id. Concerning error that was
preserved at trial by a timely and specific objection, that error must have been
calculated to injure the rights of the defendant.


 Id. In other words, a defendant must
have suffered some actual, rather than theoretical, harm from the error. Id.
          A defendant is entitled to an instruction on a on self-defense defensive issue if the issue is
raised by the evidence, whether that evidence is strong or weak, unimpeached or
contradicted, and regardless of what the trial court may think about the credibility of
the defense. Miller v. State, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991) Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). On the
other hand, if the evidence, viewed in the light most favorable to the defendant, does
not establish a defensive issue self-defense, the defendant is not entitled to an instruction on the
issue. Id. Therefore, we must first decide whether there was any evidence that the
force used by appellant didwas notuse deadly force. force.
          The instant This case is governed by Ferrell v. State, where the Court of Criminal
Appeals held that for a defendant to be entitled to a non-deadly force instruction
under section 9.31(a) of the Code of Criminal Procedure, there must have been some
evidence that the instrument used—in Ferrell, a full bottle of beer—was not capable
of causing death or serious bodily injury in the manner of its use or intended use. 55
S.W.3d 586, 591–92 (Tex. Crim. App. 2001). Under those facts, the Ferrell Court
held that because the beer bottle indisputably caused serious bodily injury to the
complainant, the defendant by definition used deadly force. Id. at 592. 
          Under this standard, the reviewing court looks at the end result of the act, and
if facts are such that the victim dies (or is suffers seriously injuryed), therethen, by definition,
the forced used was deadly. will never be reason for a non-deadly forceinstruction to be used Id. Therefore, we hold that because it is clear that
complainant suffered “serious bodily injury”—she is in a persistent vegetative state—
as contemplated by the statutory language, appellant necessarily used deadly force
and was not entitled to an application paragraph as to the non-deadly force defense.
See Tex. Pen. Code Ann. § 1.07(a)(46) (Vernon 2005) (defining “serious bodily
injury” as bodily injury that creates a substantial risk of . . . any protracted loss or
impairment of the function of any bodily member or organ”). Accordingly,
appellant’s third point of error is overruled.
INEFFECTIVE ASSISTANCE OF COUNSEL
          Appellant’s final point of error is that his trial counsel was ineffective because they
he “needlessly admitted into evidence Appellant’s prior felony convictions—debit
card abuse, forgery, and delivery of a controlled substance—during direct
examination of Appellant.” Appellant argues that trial counsel could have kept these
prior convictions from the jury under relevant evidentiary rules and case law. 
          It is well-established that Texas follows the Strickland test established by the
United States Supreme Court. See Hernandez v. State, 726 S.W.2d 53, 55 (Tex.
Crim. App. 1986) (adopting the test prescribed in Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984)). The defendant must first show that
counsel's performance was deficient, i.e., that his assistance fell below an objective
standard of reasonableness. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Stated differently, the question is whether trial counsel's representation fell
below an objective standard of reasonableness under prevailing professional norms.
Ex Parte Menchaca, 854 S.W.2d 128, 131 (Tex. Crim. App. 1993). Second,
assuming appellant has demonstrated deficient assistance, it is necessary to
affirmatively prove prejudice. Id. In other words, appellant must show a reasonable
probability that, but for counsel's unprofessional errors, the result of the proceeding
would have been different. Id. A reasonable probability is a probability sufficient to
undermine confidence in the outcome. Id. 
          To determine whether appellant’s trial counsel performance was so deficient
as to be constitutionally unacceptable, we must first determine whether he could have
objected to the prior convictions andfiled a motion to suppress, under Theus v. State, keptkept these prior convictions them from the jury. 
Theus set out five factors for courts to consider in determining under rule 609
whether a prior conviction’s probative value outweighs its prejudicial effect: (1) the
impeachment value of the prior crime, (2) the temporal proximity of the past crime
relative to the charged offense and the witness’s subsequent history, (3) the similarity
between the past crime and the offense being prosecuted, (4) the importance of the
defendant's testimony, and (5) the importance of the credibility issue. Theus, 845
S.W.2d 874, 880 (Tex. Crim. App. 1992).
The Theus Factors 
1. Impeachment Value of Prior Crime
          The impeachment value of crimes that involve deception or moral turpitude is
higher than crimes that involve violence, and the latter have a higher potential for
prejudice. LaHood v. State, 171 S.W.3d 613, 620 (Tex. App.—Houston [14th Dist.] 
2005, no pet.) (citing Theus, 845 S.W.2d at 881). It is clear that forgery and debit
card abuse are crimes involving deception, therefore this factor militates in favor of
admitting those prior convictions into evidence. 
          Insofar as delivery of cocaine is concerned, Texas case law is sparse; we cannot
find a case which holds that the trafficking of drugs is a crime of moral turpitude, and
it is quite obviously not a crime of violence. This is not to stay that drug trafficking
holds no impeachment value. However, we decline the state’s invitation to find
delivery of cocaine to be a crime of moral turpitude as it is tangential to the issues in
this case, and we refrain from ruling on issues not squarely before us. The first Theus
factor then cuts against admissibility of the delivery of cocaine conviction.
2. Temporal Proximity & Similarity of Crimes
          All of appellant’s previous offenses occurred within five years of the
aggravated assault at issue here; therefore this factor cuts toward admissibility of all
three offenses. See Theus, 845 S.W.2d at 881 (holding that “second factor will favor
admission if the past crime is recent and if the witness has demonstrated a propensity
for running afoul of the law”). Furthermore, none of appellant’s prior convictions are
similar to the crime of violence at issue here. This also favors admissibility as the
jury would not be faced with prior similar offenses and might “convict on the
perception of a past pattern of conduct, instead of on the facts of the charged
offense.” Id. 
3. Importance of Defendant’s Testimony and Credibility 
          “Finally, the last two factors are related, because both depend on the nature of
a defendant's defense and the means available to him of proving that defense.” Id. 
“When the case involves the testimony of only the defendant and the State’s
witnesses . . . the importance of the defendant's credibility and testimony escalates.” 
Id. As the importance of the defendant's credibility escalates, so will the need to
allow the State an opportunity to impeach the defendant's credibility. Id. These
factors also cut toward admissibility of the debit card abuse and the forgery because
these offenses go to one’s truthfulness and credibility. 
          And while we decline to decide at this time whether the delivery of drugs is
a crime of moral turpitude, it certainly implicates one’s credibility and candor on the
witness stand. The trafficking of drugs involves at least two layers of criminality: the
procurement of drugs in sufficient quantities in order to sell them and the actual sale
of the illicit narcotics. This is enough for us to say that when, as here, the defendant
is the only possible witness as to the circumstances surrounding the incident, thereby
making his credibility and testimony of central importance, a prior conviction of drug
trafficking, under the final two Theus factors, militates toward admissibility.
Application of the Theus Factors
          It is clear from the above discussion that the trial court would not have abused
his discretion in admitting appellant’s prior convictions. Insofar as concerns the 
debit card abuse and forgery convictions, all five factors militate in favor of
admissibility. For the delivery of cocaine conviction, four of the five Theus factors
favor admissibility. Therefore, because the trial court would have admitted
appellant’s prior convictions under the Theus test, we hold that appellant fails the first
prong of the Strickland test. Accordingly, his final point of error is overruled. 
                                                  CONCLUSION 
          We affirm the judgement of the trial court.
 
                                                                        Sam Nuchia
                                                                        Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.
Do Not Publish. Tex. R. App. P. 47.2(b)Justice Keyes concurring in the judgment only.  
Publish. Tex. R. App. P. 47.2(b).