IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00265-CR

 

Trever Orande Robertson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 77th District Court

Limestone County, Texas

Trial Court No. 9876-A

 



Opinion ON REMAND



 

Appellant, Trever Orande Robertson,
was convicted of aggravated assault and sentenced to 14 years in prison.  
Robertson filed a pro se Motion for New Trial in which he raised the
issue of ineffective assistance of counsel.  The trial court denied the motion,
and this court affirmed the trial court’s judgment.  The Court of Criminal
Appeals reversed our judgment and held that trial counsel’s performance was
deficient under the fist prong of Strickland v. Washington for eliciting
testimony from Robertson that he was incarcerated on two convictions that were
pending on appeal and remanded to this court the determination of whether the
deficient performance was prejudicial under the second prong.  Robertson v.
State, 187 S.W.3d 475, 486 (Tex. Crim. App. 2006) (citing Strickland v.
Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Background

      At trial, Manual Bluitt testified that he and
Michael Berry went to Robertson’s motel room to retrieve some compact discs and
clothing that he had borrowed.  Robertson testified that after an argument with
the two, he agreed to go downstairs to get the items out of the car.  Once the
three men were in the parking lot, Robertson refused to give them their
belongings and continued to argue with them.  Bluitt testified that he pushed him
in the face with his open hand and then Robertson stabbed him with a knife. 
Robertson testified that Bluitt hit him in the face, they “tussled,” Berry held one of his arms, and then Robertson pulled out his knife and stabbed Bluitt.  He
also stated that he was in fear for his life because he knew Bluitt carried
knives and guns in the past.

      During Robertson’s direct examination, his
trial counsel elicited testimony from him about his current incarceration, two
prior convictions, and that he was in possession of a knife at the time of the
previous arrests.  As the Court of Criminal Appeals noted, this testimony
opened the door to some damaging cross-examination by the prosecution.  




Ineffective Assistance of Counsel

      To prevail on an ineffective assistance claim, the
familiar Strickland v. Washington test must be met.  Wiggins v.
Smith, 539 U.S. 510, 123 S.Ct. 2527, 2535, 156 L.Ed. 2d 471 (2003) (citing Strickland,
466 U.S. at 687, 104 S.Ct. at 2064.  Under Strickland, an
ineffective assistance claim will be sustained if it is determined that:  (1)
counsel’s performance was deficient, and (2) the defense was prejudiced by
counsel’s deficient performance.  Wiggins, 539 U.S. at 521, 123 S.Ct. at 2535; Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.  As the Court
of Criminal Appeals has determined that Robertson’s trial counsel was deficient
under the first prong of Strickland, we will only address whether the
defense was prejudiced by counsel’s deficient performance.

Second Strickland Prong

      When addressing the second Strickland prong,
we examine counsel’s errors not as isolated incidents, but in the context of
the overall record.  Menchaca v. State, 854 S.W.2d 128, 132 (Tex. Crim.
App. 1993).  The appellant must show a reasonable probability that, but for his
counsel’s unprofessional errors, the result of the proceeding would have been
different.  Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). 
A “reasonable probability” is one sufficient to undermine confidence in the
outcome.  Id. (citing Strickland, 466 U.S. at 687, 104 S.Ct. at 2064).

      Robertson’s trial counsel questioned him
about previous convictions during the guilt-innocence phase of the trial.  As a
result, on cross examination, the State elicited testimony from Robertson that
he was serving fifteen years for possession of cocaine concurrently with a
two-year sentence for possession of methamphetamine.  He also testified that
the court made deadly weapon findings on both charges.  Therefore, the jury
heard a considerable amount of evidence relating to these prior convictions
that the State would not have been able to develop without Robertson’s counsel
“opening the door” to such testimony.

In closing argument Robertson’s
counsel again referenced the prior convictions by stating:  “Robertson is
already in TDC serving a fifteen-year sentence.  But in this case, not
guilty.”  As the State noted in its closing argument, the real issue in this
case was whether the jury believed that Robertson stabbed Bluitt in
self-defense.  Because Robertson raised this issue, his credibility was
critical.  See Ramirez v. State, 873 S.W.2d 757, 763 (Tex. App.—El Paso
1994, pet. ref’d).  The State used the fact that he had two prior convictions
with deadly weapons findings to undermine his credibility.  In its closing
argument, the State offered the following in response to Robertson’s
self-defense argument:  

They want to talk about guns and knives.  The only
weapon in this case is this one with Manual Bluitt’s blood that came from
Trever Robertson when he stuck him.  Talked about seeing Manual Bluitt with a
knife in the past.  We know Trever Robertson has knives in his past.  One,
because he stuck a guy with this one.  Two, because we got deadly weapon
findings on two judgements [sic] and both of them are knives in Freestone County.  He seems to be somehow proud of the fact that he’s doing fifteen years
for that.  He’s the one that brought that up.

 

      When viewed in the context of the entire
record, counsel’s deficient performance undermined Robertson’s credibility which
was critical to his defense.  See Ramirez, 873 S.W.2d at 763. 
Accordingly, we find that the defense was prejudiced by counsel’s deficient
performance.

Conclusion

We hold that Robertson was denied
effective assistance of counsel.  Strickland, 466 U.S. at 687, 694, 104 S.Ct. at 2064, 2068.  We reverse the judgment and remand the cause for further
proceedings consistent with this opinion.

 








BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Reversed
and remanded

Opinion
delivered and filed January 3, 2007

Publish


[CR25]