NO. 07-09-00198-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JULY
21, 2010

 



 

ADOLPH JOHNSON, JR., APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 31ST DISTRICT COURT OF LIPSCOMB
COUNTY;

 

NO. 1188; HONORABLE STEVEN RAY EMMERT, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Adolph Johnson, Jr.,
appeals a judgment of conviction by jury finding him guilty of the criminal
offense of hindering secured creditors.[1]  Appellant further appeals the court-imposed
sentence of one year incarceration, suspended, with appellant placed under
community supervision for a period of three years, $500 fine, and $6,500
restitution.  We will reform the judgment
and affirm as reformed.

Background

            In
August of 2004, appellant borrowed $45,000 from Follett National Bank to open a
café in Darrouzett. 
In July of 2005, the loan was renewed and the loan amount was increased
to $53,074.66.  The security for both of
these loans included the real property and all of the café’s equipment.  The value of this security was based off of
the amount that appellant was to pay for the real property and the
equipment.  No independent appraisal of
the equipment was performed at the time that the loans were approved.  Appellant fell behind on repayment of the
loans in the fall of 2005.  As a result,
the bank foreclosed on the security.  When
the bank took possession of the building, it discovered that the building was
nearly empty and most of the equipment was gone.  Appellant made no accounting for the missing
collateral.

            In
March of 2008, appellant was indicted for the criminal offense of hindering a
secured creditor.  Trial was to a jury in
June of 2009.[2]  At the close of evidence, the jury returned a
verdict finding appellant guilty of the offense as alleged in the
indictment.  The trial court then imposed
sentence of one year incarceration in the State Jail Division of the Texas
Department of Criminal Justice, suspended, and placed appellant on community
supervision for a period of three years. 
In addition, appellant was fined $500 and ordered to pay restitution in
an amount of $6,500.  Appellant timely
filed a motion for new trial,[3]
which appears to have been overruled by operation of law.  Appellant timely filed notice of appeal.

            By
two issues, appellant contends that the evidence was legally insufficient to
support the jury’s verdict and that appellant was denied the effective
assistance of counsel.  

Legal Sufficiency

            By
his first issue, appellant contends that the evidence supporting his conviction
for hindering a secured creditor was legally insufficient.  Specifically, appellant contends that there
was insufficient evidence to establish his intent and the value of the property
hindered.

            In
assessing the legal sufficiency of the evidence, we review all the evidence in
the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State,
133 S.W.3d 618, 620 (Tex.Crim.App. 2004).  In conducting a legal sufficiency review, an
appellate court may not sit as a thirteenth juror, but rather must uphold the
jury’s verdict unless it is irrational or unsupported by more than a mere
modicum of evidence.  Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App.
1988).

            A
person who has signed a security agreement creating a security interest in
property commits the offense of hindering a secured creditor if “with intent to
hinder enforcement of that interest or lien, he destroys, removes, conceals,
encumbers, or otherwise harms or reduces the value of the property.”  Tex. Penal Code Ann. § 32.33(b).  A person is presumed to have intended to
hinder enforcement of the security interest or lien if, when any part of the
debt is due, he fails to pay the part then due and does not deliver possession
of the secured property to the secured party upon demand.  Id. § 32.33(c).  

            First,
we will address the sufficiency of the evidence of the elements of the
offense.  There is no dispute that
appellant signed the security agreements giving the bank a security interest in
the café’s building and equipment.  Thus,
we must assess the sufficiency of the evidence of appellant’s intent to hinder
enforcement of the security interest by destroying, removing, concealing,
encumbering, or otherwise reducing the value of the property.  During the trial, Robbie Miller, an employee
of the insurance agency next door to appellant’s café, testified that he helped
appellant move equipment from the café in Darrouzett
to another restaurant appellant opened in Perryton.  Additionally, Miller testified that he
purchased some of this equipment from appellant when appellant decided to close
the Perryton restaurant.[4]  We believe that this testimony is legally
sufficient to establish that appellant removed the equipment and reduced its
value by selling at least part of the equipment property to third parties
without accounting for the proceeds of the sale.  Furthermore, Tommy Schilling, a vice
president at the bank and loan officer over appellant’s loans, testified that
he had heard that appellant was selling the equipment upon which the bank held
a security interest.  Schilling contacted
appellant and informed him that, if he sells any of the equipment, he needs to
apply the proceeds to the note. 
Indulging all reasonable inferences in favor of the verdict, as we must,
we conclude that this statement could reasonably be inferred to constitute a
demand for possession of the property or the proceeds from the sale of the
property and, therefore, was sufficient to invoke the presumption that
appellant intended to hinder enforcement of the security interest.

            Second,
appellant contends that the evidence is legally insufficient to establish that
the proceeds of the property hindered was greater than
$1,500 but less than $20,000.  Appellant
was indicted for a state jail felony, which requires that the State prove that
the value of the property hindered was $1,500 or more but less than
$20,000.  See id. § 32.33(d)(4).  We note that
the statute requires the State to prove the value of the property, not
the proceeds appellant received from the sale of the property.  The State offered an appraisal, prepared by Questco Used Restaurant Equipment, of the value of the
equipment property that was collateral for the loans.  The appraisal was offered and admitted
without objection by appellant.  The
total current value of the equipment property was estimated to be $16,415.  Taking out the value of one item of equipment
property that was recovered by the bank yields a total value of the unaccounted-for
equipment property of $14,965.  While Questco reached this value without inspecting the actual
property, this is some evidence of the value of the equipment property and it
was certainly reasonable for the jury to infer that the value of the equipment
property exceeded $1,500 but was less than $20,000.

            As
we conclude that there was sufficient evidence presented to the jury to support
its verdict that appellant was guilty of the offense charged, we overrule
appellant’s first issue.

Ineffective Assistance

            By
his second issue, appellant contends that he was denied effective assistance of
counsel in that trial counsel failed to adequately prepare and present
appellant’s defense in this matter.  In
support of this issue, appellant attached an affidavit to his appellate brief
that attests that appellant informed his trial counsel that he did not remove
the equipment property from the Darrouzett café to
the Perryton restaurant and that the equipment securing the loans had been
vandalized and/or stolen after he subleased the Darrouzett
café to another person.  According to
appellant’s affidavit, he made a claim against his insurance policy for the
loss of this property, but he does not indicate whether he recovered any
insurance payments from his claim nor whether any
insurance proceeds were paid to the bank.

In
determining whether counsel=s representation was so inadequate as
to violate a defendant=s Sixth Amendment right to counsel,
Texas courts adhere to the two-pronged test enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984).  See Hernandez
v. State, 726 S.W.2d 53, 55 (Tex.Crim.App.
1986).  Judicial review of an ineffective
assistance of counsel claim must be highly deferential to trial counsel and
avoid using hindsight to evaluate counsel=s actions.  Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App.
1984).  There is a strong
presumption that counsel=s conduct fell within the wide range
of reasonable professional assistance.  Strickland,
466 U.S. at 690.  The burden is on
appellant to prove by a preponderance of the evidence that counsel was
ineffective.  See
McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App.
1996) (en banc).  To meet this
burden, an appellant must first prove that counsel=s performance was deficient, i.e.,
that counsel=s assistance fell below an objective
standard of reasonableness.  Id.  If the appellant has demonstrated deficient
assistance of counsel, it is then necessary that the appellant affirmatively
prove that he was prejudiced by the deficient assistance.  Id.

Any
allegation of ineffective assistance of counsel must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.  McFarland, 928 S.W.2d at 500. 
Failure to make the required showing of either deficient performance or
sufficient prejudice defeats the ineffectiveness claim.  Id. 
Absent both showings, an appellate court cannot conclude the conviction
resulted from a breakdown in the adversarial process that renders the result
unreliable.  Ex
parte Menchaca, 854 S.W.2d 128, 131 (Tex.Crim.App. 1993). 
Appellate courts look to the totality of the representation and the
particular circumstances of each case in evaluating the effectiveness of
counsel.  Ex parte
Felton, 815 S.W.2d 733, 735 (Tex.Crim.App. 1991).

            Initially,
we must note that appellant’s affidavit is not part of the appellate record in
this case.  Thus, any alleged
ineffectiveness shown solely by this affidavit is insufficient to meet
appellant’s burden.  See McFarland,
928 S.W.2d at 500. 


Further, even were we able to review
the affidavit, trial testimony raises issues of the credibility of the
information contained in the affidavit. 
Appellant attests that he leased the café, including all of the
equipment, to another person that ultimately vandalized the equipment property
and, upon appellant’s discovery of the vandalism, he
made a claim to his insurance agent, Robbie Miller.  However, Miller specifically testified during
the trial that he helped appellant move some of the equipment that was
collateral for the loans to the Perryton restaurant.  Additionally, nothing in the affidavit
indicates whether appellant received any payment from his insurance claim or
whether he applied any payments received toward repayment of the loans.  In the affidavit, appellant states that he
informed Schilling of the vandalism and even had Schilling inspect the damage
to the property.  However, Schilling
testified that he had no contact with appellant from the point when appellant
moved to Perryton and when the bank foreclosed on the property.  

Finally, appellant was afforded
multiple opportunities to establish that the representation that he was
afforded at trial was deficient.  First,
appellant testified during punishment, yet did not raise any of the
circumstances subsequently identified in his affidavit.  Additionally, while admonishing appellant
about his right to appeal, the trial court asked appellant if he was satisfied
with the representation he had received from trial counsel, to which appellant
responded in the affirmative.  Further,
appellant, through appellate counsel, timely filed a motion for new trial, but
that motion failed to raise any potential issue regarding the effectiveness of
trial counsel’s representation, did not include the affidavit filed with
appellant’s appeal, and wholly failed to identify any of trial counsel’s
purportedly deficient preparation and presentation of appellant’s defense.

As the record does not affirmatively
demonstrate that appellant’s trial counsel’s representation was ineffective, we
overrule appellant’s second issue.

Conclusion

            Having
overruled both of appellant’s issues, we reform the judgment to identify the
statute for the offense as section 32.33 of the Texas Penal Code and, as
reformed, affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

            








Do
not publish.  











[1] See Tex. Penal Code Ann. § 32.33 (Vernon 2003).  We note, however, that the judgment
identifies the statutory provision for the offense as section 33.22 of the
Texas Penal Code.  As there is no such
section of the Texas Penal Code, we will reform the judgment to correctly
identify the statute of the offense.

 





[2] Due to the nature of
appellant’s issues on appeal, we will discuss the evidence presented at trial
in the analysis below.

 





[3] Appellant’s motion
for new trial was based on “the interests of justice” contending that the
verdict was “contrary to the law and the evidence.”  Notably, the motion does not raise nor
identify any claim of ineffective assistance of counsel.





[4] The tables purchased
by Miller are consistent with tables that are identified in the loan documents
as part of the equipment that constituted security for the loans.