NO. 07-09-00198-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 21, 2010

ADOLPH JOHNSON, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 1188; HONORABLE STEVEN RAY EMMERT, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Adolph Johnson, Jr., appeals a judgment of conviction by jury finding him guilty of the criminal offense of hindering secured creditors.[1]  Appellant further appeals the court-imposed sentence of one year incarceration, suspended, with appellant placed under community supervision for a period of three years, $500 fine, and $6,500 restitution.  We will reform the judgment and affirm as reformed.

---

[1] See TEX. PENAL CODE ANN. § 32.33 (Vernon 2003).  We note, however, that the judgment identifies the statutory provision for the offense as section 33.22 of the Texas Penal Code.  As there is no such section of the Texas Penal Code, we will reform the judgment to correctly identify the statute of the offense.

Background

In August of 2004, appellant borrowed $45,000 from Follett National Bank to open a café in Darrouzett. In July of 2005, the loan was renewed and the loan amount was increased to $53,074.66. The security for both of these loans included the real property and all of the café's equipment. The value of this security was based off of the amount that appellant was to pay for the real property and the equipment. No independent appraisal of the equipment was performed at the time that the loans were approved. Appellant fell behind on repayment of the loans in the fall of 2005. As a result, the bank foreclosed on the security. When the bank took possession of the building, it discovered that the building was nearly empty and most of the equipment was gone. Appellant made no accounting for the missing collateral.

In March of 2008, appellant was indicted for the criminal offense of hindering a secured creditor. Trial was to a jury in June of 2009.[2] At the close of evidence, the jury returned a verdict finding appellant guilty of the offense as alleged in the indictment. The trial court then imposed sentence of one year incarceration in the State Jail Division of the Texas Department of Criminal Justice, suspended, and placed appellant on community supervision for a period of three years. In addition, appellant was fined $500 and ordered to pay restitution in an amount of $6,500. Appellant timely filed a motion

---

[2] Due to the nature of appellant's issues on appeal, we will discuss the evidence presented at trial in the analysis below.

for new trial,[3] which appears to have been overruled by operation of law. Appellant timely filed notice of appeal.

By two issues, appellant contends that the evidence was legally insufficient to support the jury's verdict and that appellant was denied the effective assistance of counsel.

## Legal Sufficiency

By his first issue, appellant contends that the evidence supporting his conviction for hindering a secured creditor was legally insufficient. Specifically, appellant contends that there was insufficient evidence to establish his intent and the value of the property hindered.

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

---

[3] Appellant's motion for new trial was based on "the interests of justice" contending that the verdict was "contrary to the law and the evidence." Notably, the motion does not raise nor identify any claim of ineffective assistance of counsel.

A person who has signed a security agreement creating a security interest in property commits the offense of hindering a secured creditor if "with intent to hinder enforcement of that interest or lien, he destroys, removes, conceals, encumbers, or otherwise harms or reduces the value of the property." TEX. PENAL CODE ANN. § 32.33(b). A person is presumed to have intended to hinder enforcement of the security interest or lien if, when any part of the debt is due, he fails to pay the part then due and does not deliver possession of the secured property to the secured party upon demand. Id. § 32.33(c).

First, we will address the sufficiency of the evidence of the elements of the offense. There is no dispute that appellant signed the security agreements giving the bank a security interest in the café's building and equipment. Thus, we must assess the sufficiency of the evidence of appellant's intent to hinder enforcement of the security interest by destroying, removing, concealing, encumbering, or otherwise reducing the value of the property. During the trial, Robbie Miller, an employee of the insurance agency next door to appellant's café, testified that he helped appellant move equipment from the café in Darrouzett to another restaurant appellant opened in Perryton. Additionally, Miller testified that he purchased some of this equipment from appellant when appellant decided to close the Perryton restaurant.[4] We believe that this testimony is legally sufficient to establish that appellant removed the equipment and reduced its value by selling at least part of the equipment property to third parties without accounting for the proceeds of the sale. Furthermore, Tommy Schilling, a vice

---

[4] The tables purchased by Miller are consistent with tables that are identified in the loan documents as part of the equipment that constituted security for the loans.

4

president at the bank and loan officer over appellant's loans, testified that he had heard that appellant was selling the equipment upon which the bank held a security interest. Schilling contacted appellant and informed him that, if he sells any of the equipment, he needs to apply the proceeds to the note. Indulging all reasonable inferences in favor of the verdict, as we must, we conclude that this statement could reasonably be inferred to constitute a demand for possession of the property or the proceeds from the sale of the property and, therefore, was sufficient to invoke the presumption that appellant intended to hinder enforcement of the security interest.

Second, appellant contends that the evidence is legally insufficient to establish that the proceeds of the property hindered was greater than $1,500 but less than $20,000. Appellant was indicted for a state jail felony, which requires that the State prove that the value of the property hindered was $1,500 or more but less than $20,000. See id. § 32.33(d)(4). We note that the statute requires the State to prove the value of the property, not the proceeds appellant received from the sale of the property. The State offered an appraisal, prepared by Questco Used Restaurant Equipment, of the value of the equipment property that was collateral for the loans. The appraisal was offered and admitted without objection by appellant. The total current value of the equipment property was estimated to be $16,415. Taking out the value of one item of equipment property that was recovered by the bank yields a total value of the unaccounted-for equipment property of $14,965. While Questco reached this value without inspecting the actual property, this is some evidence of the value of the equipment property and it was certainly reasonable for the jury to infer that the value of the equipment property exceeded $1,500 but was less than $20,000.

5

As we conclude that there was sufficient evidence presented to the jury to support its verdict that appellant was guilty of the offense charged, we overrule appellant's first issue.

Ineffective Assistance

By his second issue, appellant contends that he was denied effective assistance of counsel in that trial counsel failed to adequately prepare and present appellant's defense in this matter. In support of this issue, appellant attached an affidavit to his appellate brief that attests that appellant informed his trial counsel that he did not remove the equipment property from the Darrouzett café to the Perryton restaurant and that the equipment securing the loans had been vandalized and/or stolen after he subleased the Darrouzett café to another person. According to appellant's affidavit, he made a claim against his insurance policy for the loss of this property, but he does not indicate whether he recovered any insurance payments from his claim nor whether any insurance proceeds were paid to the bank.

In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts adhere to the two-pronged test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). Judicial review of an ineffective assistance of counsel claim must be highly deferential to trial counsel and avoid using hindsight to evaluate counsel's actions. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.

6

Strickland, 466 U.S. at 690. The burden is on appellant to prove by a preponderance of the evidence that counsel was ineffective. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996) (en banc). To meet this burden, an appellant must first prove that counsel's performance was deficient, *i.e.*, that counsel's assistance fell below an objective standard of reasonableness. Id. If the appellant has demonstrated deficient assistance of counsel, it is then necessary that the appellant affirmatively prove that he was prejudiced by the deficient assistance. Id.

Any allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. McFarland, 928 S.W.2d at 500. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Id. Absent both showings, an appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. Ex parte Menchaca, 854 S.W.2d 128, 131 (Tex.Crim.App. 1993). Appellate courts look to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. Ex parte Felton, 815 S.W.2d 733, 735 (Tex.Crim.App. 1991).

Initially, we must note that appellant's affidavit is not part of the appellate record in this case. Thus, any alleged ineffectiveness shown solely by this affidavit is insufficient to meet appellant's burden. See McFarland, 928 S.W.2d at 500.

Further, even were we able to review the affidavit, trial testimony raises issues of the credibility of the information contained in the affidavit. Appellant attests that he leased the café, including all of the equipment, to another person that ultimately

7

vandalized the equipment property and, upon appellant's discovery of the vandalism, he made a claim to his insurance agent, Robbie Miller. However, Miller specifically testified during the trial that he helped appellant move some of the equipment that was collateral for the loans to the Perryton restaurant. Additionally, nothing in the affidavit indicates whether appellant received any payment from his insurance claim or whether he applied any payments received toward repayment of the loans. In the affidavit, appellant states that he informed Schilling of the vandalism and even had Schilling inspect the damage to the property. However, Schilling testified that he had no contact with appellant from the point when appellant moved to Perryton and when the bank foreclosed on the property.

Finally, appellant was afforded multiple opportunities to establish that the representation that he was afforded at trial was deficient. First, appellant testified during punishment, yet did not raise any of the circumstances subsequently identified in his affidavit. Additionally, while admonishing appellant about his right to appeal, the trial court asked appellant if he was satisfied with the representation he had received from trial counsel, to which appellant responded in the affirmative. Further, appellant, through appellate counsel, timely filed a motion for new trial, but that motion failed to raise any potential issue regarding the effectiveness of trial counsel's representation, did not include the affidavit filed with appellant's appeal, and wholly failed to identify any of trial counsel's purportedly deficient preparation and presentation of appellant's defense.

8

As the record does not affirmatively demonstrate that appellant's trial counsel's representation was ineffective, we overrule appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we reform the judgment to identify the statute for the offense as section 32.33 of the Texas Penal Code and, as reformed, affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.