In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00095-CV


______________________________








IN THE INTEREST OF M.E.Z., A CHILD







 


On Appeal from the Fifth Judicial District Court


Cass County, Texas


Trial Court No. 2000D018




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Karen Sprague, the sole appellant in this case, has filed a motion seeking to dismiss her
appeal. Pursuant to Rule 42.1 of the Texas Rules of Appellate Procedure, her motion is granted. See
Tex. R. App. P. 42.1.


 Jack Carter

 Justice


Date Submitted: October 1, 2007 

Date Decided: October 2, 2007 









See Tex. Health & Safety Code Ann. § 481.115(d)
(Vernon 2003). He has filed a consolidated appeal attacking all three convictions. Each case
involved a separate offense date, and some of Hayes' appellate issues are case specific. We affirm
each conviction and sentence on this date. (2) We affirm the trial court's judgment in this case because
(1) the fruit of the search was properly admitted, (2) Hayes has not established that his trial counsel
was ineffective, (3) Hayes' complaint about allegedly expert testimony was not preserved, and
(4) Hayes' due-process point of error is multifarious and inadequately briefed.

(1) The Fruit of the Search Was Properly Admitted

 Hayes claims the search in the early morning hours of December 24, 2002, was
unconstitutional; if this is the case, the crack cocaine and money seized as part of the search should
have been suppressed. Hayes claims that the officer had satisfied all his questions earlier and was,
at the time of the search, on an "unauthorized fishing expedition." 

 There is a video record of the incident, showing Murphy talking to Hayes and Mallory at the
car, and including audio of Murphy talking to the two people inside the house. Hayes claims that
the second police car at the scene blocked Hayes in the driveway and created a situation where a
reasonable person would not have felt free to leave. Hayes says that Murphy presented no articulable
facts to support his investigative detention and questioning of Hayes and Mallory.

 An investigative detention must be founded on specific, articulable facts amounting to more
than a mere hunch or suspicion that, combined with the officer's personal experience and knowledge
and any logical inferences, create a reasonable suspicion that criminal activity is occurring. See
Amores v. State, 816 S.W.2d 407, 411 (Tex. Crim. App. 1991); Garza v. State, 771 S.W.2d 549, 558
(Tex. Crim. App. 1989); Hoag v. State, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987). We review
the trial court's ruling on a motion to suppress using an abuse-of-discretion standard. Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Freeman v. State, 62 S.W.3d 883 (Tex.
App.--Texarkana 2001, pet. ref'd). In a suppression hearing, the trial court is the sole trier of fact
and judge of the witnesses' credibility and the weight to be given their testimony. The evidence
should be viewed in the light most favorable to the trial court's ruling. State v. Ballard, 987 S.W.2d
889, 891 (Tex. Crim. App. 1999); Freeman, 62 S.W.3d at 886. We should afford almost total
deference to the trial court's determination of historical facts that the record supports, especially
when the fact-findings are based on an evaluation of the witnesses' credibility and demeanor. State
v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Freeman, 62 S.W.3d at 886.

 Murphy said his initial investigation was a result of the early morning hour and a recent spate
of burglaries in the area. As he received inconsistent stories from Mallory, Hayes, and the woman
at the residence, he had further articulable reasons to continue investigating. The articulable facts
used by the officer must create some reasonable suspicion that some activity out of the ordinary is
occurring or has occurred, some suggestion to connect the detainee with the unusual activity, and
some indication the unusual activity is related to crime. Myers v. State, 203 S.W.3d 873, 882 (Tex.
App.--Eastland 2006, pet. ref'd). A reasonable suspicion determination is made by considering the
totality of the circumstances. Ford v. State, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005);
Maysonet v. State, 91 S.W.3d 365, 372 (Tex. App.--Texarkana 2002, pet. ref'd). We note that
Hayes consented to the searches of his person and then of the vehicle. (3) About ten minutes elapsed
from the onset of the encounter to the time at which Murphy asked to search the two men's persons;
no more than eighteen minutes elapsed between Murphy's first contact with the men and finding the
cocaine.

 Based on our review of the record, including the video exhibit of the encounter, we cannot
say, considering the totality of the circumstances, that the trial court abused its discretion in finding
that Murphy had the requisite reasonable suspicion to investigate the situation. (4)

(2) Hayes Has Not Established That His Trial Counsel Was Ineffective

 Hayes complains that his counsel, who represented Hayes both at trial and on appeal, was
constitutionally ineffective for failing to request a hearing on the various officers' qualifications to
offer expert testimony. We overrule this point of error. 

 Claims that counsel provided ineffective assistance are evaluated under the Strickland
two-part test requiring a showing of both deficient performance and prejudice. See Strickland v.
Washington, 466 U.S. 668, 689 (1984). A Strickland claim must be "firmly founded in the record"
and "the record must affirmatively demonstrate" the meritorious nature of the claim. Goodspeed v.
State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).

 Direct appeal is usually an inadequate vehicle for raising such a claim because the record is
generally undeveloped for the object of litigating or preserving the claim and thus often incomplete
or inadequate for this purpose. (5) See Goodspeed, 187 S.W.3d at 392; Freeman v. State, 125 S.W.3d
505, 506 (Tex. Crim. App. 2003); Fuller v. State, 224 S.W.3d 823, 828-29 (Tex. App.--Texarkana
2007, no pet.). This is true with regard to the question of deficient performance. We review
counsel's conduct with great deference, without the distorting effects of hindsight, especially where
counsel's reasons for failing to do something do not appear in the record. Thompson, 9 S.W.3d at
813. The Texas Court of Criminal Appeals has said that "trial counsel should ordinarily be afforded
an opportunity to explain his actions" before a court finds that he or she rendered ineffective
assistance. See Goodspeed, 187 S.W.3d at 392 n.14 (quoting Rylander v. State, 101 S.W.3d 107,
111 (Tex. Crim. App. 2003)); Fox v. State, 175 S.W.3d 475, 485 (Tex. App.--Texarkana 2005, pet.
ref'd).

 As it applies to the conduct in the instant offense, Hayes' claim of ineffective counsel is based
on his assertion that law enforcement witnesses improperly gave expert opinions during their
testimony. Hayes claims that his trial counsel was obligated to request a hearing, outside the jury's
presence, on the admissibility of these opinions. See Tex. R. Evid. 705. Hayes complains that
Murphy, in his testimony about his encounter with Hayes, said Hayes had a large sum of cash, "The
majority, hundreds." The only testimony offered by Murphy which could be said to offer an opinion
was Murphy's statement that he was suspicious of Hayes' claim that the cash was "gas money" for
a "hundred mile trip." We fail to see how this statement, as interpreted by Hayes and argued in his
brief, amounts to an expert opinion. Counsel could not be deemed ineffective for failing to object
to this testimony, and any Strickland complaint necessarily fails. Cf. Ex parte Thompson, 179
S.W.3d 549, 559-60 (Tex. Crim. App. 2005) (defendant not entitled to jury charge on lesser-included offense; therefore, counsel not ineffective for failing to request); McFarland v. State, 845
S.W.2d 824, 846 (Tex. Crim. App. 1992) (not ineffective for attorney to fail to object to admissible
evidence).

 Any allegation of ineffectiveness must be firmly founded in, and affirmatively demonstrated
by, the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Failure to make
the required showing of either deficient performance of counsel or prejudice to defendant defeats the
ineffectiveness claim. Id. Absent those showings, an appellate court cannot conclude the conviction
resulted from a breakdown in the adversarial process that renders the result unreliable. Ex parte
Menchaca, 854 S.W.2d 128, 131 (Tex. Crim. App. 1993). Appellant bears the burden of proving
by a preponderance of the evidence that counsel was ineffective. Thompson, 9 S.W.3d at 813. We
find that, under these circumstances, Hayes has not carried that burden.

(3) Hayes' Complaint About Allegedly Expert Testimony Was Not Preserved

 Hayes argues that Murphy was improperly allowed to testify that drug dealers carry $100
bills; actually Murphy said only that he was suspicious when he found that Hayes had approximately
$1,200 in mostly $100 denominations. Murphy said nothing about the cash making him suspicious
that Hayes was a drug dealer. Regardless of the import of Murphy's testimony, Hayes offered no
objection to this testimony. Therefore, he has not preserved this matter for our review. See Tex. R.
App. P. 33.1(a)(1)(A); Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). We overrule
this point of error.

(4) Hayes' Due-Process Point of Error Is Multifarious and Inadequately Briefed

 Hayes argues that numerous rulings by the trial court, in the aggregate, deprived him of due
process. As we explain in our opinion in the companion case, cause number 06-06-00230-CR, this
point of error is both multifarious and inadequately briefed, and is overruled for those reasons.

 We affirm the trial court's judgment.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 16, 2008

Date Decided: February 1, 2008


Do Not Publish

1. All three indictments allege possession with intent to deliver; the State abandoned the
delivery allegations.
2. Please see our opinions in cause numbers 06-06-00229-CR and 06-06-00230-CR , both
styled Hayes v. State, issued the same date as this opinion.
3. When consent to search is obtained, such a search may be conducted without a warrant. See
Minnesota v. Dickerson, 508 U.S. 366, 372 (1993); McGee v. State, 105 S.W.3d 609, 615 (Tex.
Crim. App. 2003).
4. We note that the jury was charged that it must find Hayes not guilty if it found that Murphy
did not have reasonable suspicion to detain Hayes before asking for consent to search the vehicle. 
See Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).
5. A claim of ineffective assistance is better pursued by way of habeas corpus, with which there
is some opportunity for the record to have been developed regarding trial counsel's reasons for his
or her actions. See Goodspeed, 187 S.W.3d 390; Bone v. State, 77 S.W.3d 828, 833 n.13 (Tex.
Crim. App. 2002).