

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-06-00231-CR

_____

JAMES RENE HAYES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 20312

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

About 3:00 a.m. December 24, 2002, Paris police officer Doug Murphy, who was on patrol in a residential neighborhood, noticed a vehicle in a driveway, with Greg Mallory leaning in talking to James Rene Hayes, who sat in the vehicle. Because there had been recent vehicle and residence burglaries in the area, Murphy stopped to investigate. Mallory and Hayes said they had just dropped off a woman at the residence but weren't sure of her name; Hayes thought her name was Vicki. Murphy went to the door of the house in front of which Hayes' vehicle was parked. A man answered the door and told Murphy that he thought a woman had just been dropped off. The woman was summoned to the door, confirmed that she had just been dropped off by Hayes, and added that Hayes was her "man." Confronting Mallory and Hayes with the inconsistency in how well they knew the woman, Murphy asked to search their persons. Both men consented. On Hayes' person was found around $1,200 in cash. Murphy testified that Hayes told him that was "gas money," which Murphy thought was far more than was needed to purchase gas for the 100-mile trip Hayes had said was planned. However, on the DVD recorded on the patrol car camera, Hayes seems to also say something about using the money for Christmas presents. Murphy requested, and received, Hayes' consent to search the vehicle. When Murphy looked in the car, he found an eyeglass holder containing several rocks of crack cocaine.

In a single three-day trial involving this charge and two others occurring at different times, Hayes was convicted of three charges of possession of a controlled substance, cocaine, of four or

more grams but less than 200 grams.[1]  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d)

(Vernon 2003).  He has filed a consolidated appeal attacking all three convictions.  Each case

involved a separate offense date, and some of Hayes' appellate issues are case specific.  We affirm

each conviction and sentence on this date.[2]  We affirm the trial court's judgment in this case because

(1) the fruit of the search was properly admitted, (2) Hayes has not established that his trial counsel

was ineffective, (3) Hayes' complaint about allegedly expert testimony was not preserved, and

(4) Hayes' due-process point of error is multifarious and inadequately briefed.

*(1)      The Fruit of the Search Was Properly Admitted*

Hayes claims the search in the early morning hours of December 24, 2002, was

unconstitutional; if this is the case, the crack cocaine and money seized as part of the search should

have been suppressed.  Hayes claims that the officer had satisfied all his questions earlier and was,

at the time of the search, on an "unauthorized fishing expedition."

There is a video record of the incident, showing Murphy talking to Hayes and Mallory at the

car, and including audio of Murphy talking to the two people inside the house.  Hayes claims that

the second police car at the scene blocked Hayes in the driveway and created a situation where a

---

[1]All three indictments allege possession with intent to deliver; the State abandoned the delivery allegations.

[2]Please see our opinions in cause numbers 06-06-00229-CR and 06-06-00230-CR , both styled *Hayes v. State*, issued the same date as this opinion.

3

reasonable person would not have felt free to leave. Hayes says that Murphy presented no articulable facts to support his investigative detention and questioning of Hayes and Mallory.

An investigative detention must be founded on specific, articulable facts amounting to more than a mere hunch or suspicion that, combined with the officer's personal experience and knowledge and any logical inferences, create a reasonable suspicion that criminal activity is occurring. *See Amores v. State*, 816 S.W.2d 407, 411 (Tex. Crim. App. 1991); *Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989); *Hoag v. State*, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987). We review the trial court's ruling on a motion to suppress using an abuse-of-discretion standard. *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); *Freeman v. State*, 62 S.W.3d 883 (Tex. App.—Texarkana 2001, pet. ref'd). In a suppression hearing, the trial court is the sole trier of fact and judge of the witnesses' credibility and the weight to be given their testimony. The evidence should be viewed in the light most favorable to the trial court's ruling. *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999); *Freeman*, 62 S.W.3d at 886. We should afford almost total deference to the trial court's determination of historical facts that the record supports, especially when the fact-findings are based on an evaluation of the witnesses' credibility and demeanor. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Freeman*, 62 S.W.3d at 886.

Murphy said his initial investigation was a result of the early morning hour and a recent spate of burglaries in the area. As he received inconsistent stories from Mallory, Hayes, and the woman at the residence, he had further articulable reasons to continue investigating. The articulable facts

used by the officer must create some reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detainee with the unusual activity, and some indication the unusual activity is related to crime. *Myers v. State*, 203 S.W.3d 873, 882 (Tex. App.—Eastland 2006, pet. ref'd). A reasonable suspicion determination is made by considering the totality of the circumstances. *Ford v. State*, 158 S.W.3d 488, 492–93 (Tex. Crim. App. 2005); *Maysonet v. State*, 91 S.W.3d 365, 372 (Tex. App.—Texarkana 2002, pet. ref'd). We note that Hayes consented to the searches of his person and then of the vehicle.[3] About ten minutes elapsed from the onset of the encounter to the time at which Murphy asked to search the two men's persons; no more than eighteen minutes elapsed between Murphy's first contact with the men and finding the cocaine.

Based on our review of the record, including the video exhibit of the encounter, we cannot say, considering the totality of the circumstances, that the trial court abused its discretion in finding that Murphy had the requisite reasonable suspicion to investigate the situation.[4]

---

[3]When consent to search is obtained, such a search may be conducted without a warrant. *See Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993); *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003).

[4]We note that the jury was charged that it must find Hayes not guilty if it found that Murphy did not have reasonable suspicion to detain Hayes before asking for consent to search the vehicle. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005).

*(2)      Hayes Has Not Established That His Trial Counsel Was Ineffective*

Hayes complains that his counsel, who represented Hayes both at trial and on appeal, was constitutionally ineffective for failing to request a hearing on the various officers' qualifications to offer expert testimony.  We overrule this point of error.

Claims that counsel provided ineffective assistance are evaluated under the *Strickland* two-part test requiring a showing of both deficient performance and prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 689 (1984).  A *Strickland* claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim.  *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose.[5]  *See Goodspeed*, 187 S.W.3d at 392; *Freeman v. State*, 125 S.W.3d 505, 506 (Tex. Crim. App. 2003); *Fuller v. State*, 224 S.W.3d 823, 828–29 (Tex. App.—Texarkana 2007, no pet.).  This is true with regard to the question of deficient performance.  We review counsel's conduct with great deference, without the distorting effects of hindsight, especially where counsel's reasons for failing to do something do not appear in the record.  *Thompson*, 9 S.W.3d at

---

[5]A claim of ineffective assistance is better pursued by way of habeas corpus, with which there is some opportunity for the record to have been developed regarding trial counsel's reasons for his or her actions.  *See Goodspeed*, 187 S.W.3d 390; *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002).

813. The Texas Court of Criminal Appeals has said that "trial counsel should ordinarily be afforded an opportunity to explain his actions" before a court finds that he or she rendered ineffective assistance. *See Goodspeed*, 187 S.W.3d at 392 n.14 (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)); *Fox v. State*, 175 S.W.3d 475, 485 (Tex. App.—Texarkana 2005, pet. ref'd).

As it applies to the conduct in the instant offense, Hayes' claim of ineffective counsel is based on his assertion that law enforcement witnesses improperly gave expert opinions during their testimony. Hayes claims that his trial counsel was obligated to request a hearing, outside the jury's presence, on the admissibility of these opinions. *See* TEX. R. EVID. 705. Hayes complains that Murphy, in his testimony about his encounter with Hayes, said Hayes had a large sum of cash, "The majority, hundreds." The only testimony offered by Murphy which could be said to offer an opinion was Murphy's statement that he was suspicious of Hayes' claim that the cash was "gas money" for a "hundred mile trip." We fail to see how this statement, as interpreted by Hayes and argued in his brief, amounts to an expert opinion. Counsel could not be deemed ineffective for failing to object to this testimony, and any *Strickland* complaint necessarily fails. *Cf. Ex parte Thompson*, 179 S.W.3d 549, 559–60 (Tex. Crim. App. 2005) (defendant not entitled to jury charge on lesser-included offense; therefore, counsel not ineffective for failing to request); *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992) (not ineffective for attorney to fail to object to admissible evidence).

Any allegation of ineffectiveness must be firmly founded in, and affirmatively demonstrated by, the record. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Failure to make the required showing of either deficient performance of counsel or prejudice to defendant defeats the ineffectiveness claim. *Id.* Absent those showings, an appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Ex parte Menchaca*, 854 S.W.2d 128, 131 (Tex. Crim. App. 1993). Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson*, 9 S.W.3d at 813. We find that, under these circumstances, Hayes has not carried that burden.

*(3)     Hayes' Complaint About Allegedly Expert Testimony Was Not Preserved*

Hayes argues that Murphy was improperly allowed to testify that drug dealers carry $100 bills; actually Murphy said only that he was suspicious when he found that Hayes had approximately $1,200 in mostly $100 denominations. Murphy said nothing about the cash making him suspicious that Hayes was a drug dealer. Regardless of the import of Murphy's testimony, Hayes offered no objection to this testimony. Therefore, he has not preserved this matter for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). We overrule this point of error.

*(4)     Hayes' Due-Process Point of Error Is Multifarious and Inadequately Briefed*

Hayes argues that numerous rulings by the trial court, in the aggregate, deprived him of due process. As we explain in our opinion in the companion case, cause number 06-06-00230-CR, this point of error is both multifarious and inadequately briefed, and is overruled for those reasons.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     January 16, 2008
Date Decided:       February 1, 2008

Do Not Publish