**Trever Orande ROBERTSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–03–00265–CR.**

Court of Appeals of Texas, Waco.

Jan. 3, 2007.

Stan Schwieger, Waco, for appellant.

Roy Defriend, Limestone County Dist. Atty., Groesbeck, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION ON REMAND

BILL VANCE, Justice.

Appellant, Trever Orande Robertson, was convicted of aggravated assault and sentenced to 14 years in prison. Robertson filed a *pro se* Motion for New Trial in which he raised the issue of ineffective assistance of counsel. The trial court denied the motion, and this court affirmed the trial court's judgment. The Court of Criminal Appeals reversed our judgment and held that trial counsel's performance was deficient under the fist prong of *Strickland v. Washington* for eliciting testimony from Robertson that he was incarcerated on two convictions that were pending on appeal and remanded to this court the determination of whether the deficient performance was prejudicial under the second prong. *Robertson v. State,* 187 S.W.3d 475, 486 (Tex.Crim.App.2006) (citing *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

### Background

At trial, Manual Bluitt testified that he and Michael Berry went to Robertson's motel room to retrieve some compact discs and clothing that he had borrowed. Robertson testified that after an argument with the two, he agreed to go downstairs to get the items out of the car. Once the three men were in the parking lot, Robertson refused to give them their belongings and continued to argue with them. Bluitt testified that he pushed him in the face with his open hand and then Robertson stabbed him with a knife. Robertson testified that Bluitt hit him in the face, they "tussled," Berry held one of his arms, and then Robertson pulled out his knife and stabbed Bluitt. He also stated that he was in fear for his life because he knew Bluitt carried knives and guns in the past.

During Robertson's direct examination, his trial counsel elicited testimony from him about his current incarceration, two prior convictions, and that he was in possession of a knife at the time of the previous arrests. As the Court of Criminal Appeals noted, this testimony opened the door to some damaging cross-examination by the prosecution.

## Ineffective Assistance of Counsel

To prevail on an ineffective assistance claim, the familiar *Strickland v. Washington* test must be met. *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064). Under *Strickland*, an ineffective assistance claim will be sustained if it is determined that: (1) counsel's performance was deficient, and (2) the defense was prejudiced by counsel's deficient performance. *Wiggins*, 539 U.S. at 521, 123 S.Ct. at 2535; *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. As the Court of Criminal Appeals has determined that Robertson's trial counsel was deficient under the first prong of *Strickland*, we will only address whether the defense was prejudiced by counsel's deficient performance.

## Second *Strickland* Prong

■ When addressing the second *Strickland* prong, we examine counsel's errors not as isolated incidents, but in the context of the overall record. *Ex parte Menchaca*, 854 S.W.2d 128, 132 (Tex.Crim. App.1993). The appellant must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App.2002). A "reasonable probability" is one sufficient to undermine confidence in the outcome. *Id.* (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064).

■ Robertson's trial counsel questioned him about previous convictions during the guilt-innocence phase of the trial. As a result, on cross examination, the State elicited testimony from Robertson that he was serving fifteen years for possession of cocaine concurrently with a two-year sentence for possession of methamphetamine. He also testified that the court made deadly weapon findings on both charges. Therefore, the jury heard a considerable amount of evidence relating to these prior convictions that the State would not have been able to develop without Robertson's counsel "opening the door" to such testimony.

In closing argument Robertson's counsel again referenced the prior convictions by stating: "Robertson is already in TDC serving a fifteen-year sentence. But in this case, not guilty." As the State noted in its closing argument, the real issue in this case was whether the jury believed that Robertson stabbed Bluitt in self-defense. Because Robertson raised this issue, his credibility was critical. *See Ramirez v. State*, 873 S.W.2d 757, 763 (Tex. App.-El Paso 1994, pet. ref'd). The State used the fact that he had two prior convictions with deadly weapons findings to undermine his credibility. In its closing argument, the State offered the following in response to Robertson's self-defense argument:

> They want to talk about guns and knives. The only weapon in this case is this one with Manual Bluitt's blood that came from Trever Robertson when he stuck him. Talked about seeing Manual Bluitt with a knife in the past. We know Trever Robertson has knives in his past. One, because he stuck a guy with this one. Two, because we got deadly weapon findings on two judgements [sic] and both of them are knives in Freestone County. He seems to be

somehow proud of the fact that he's doing fifteen years for that. He's the one that brought that up.

When viewed in the context of the entire record, counsel's deficient performance undermined Robertson's credibility which was critical to his defense. *See Ramirez,* 873 S.W.2d at 763. Accordingly, we find that the defense was prejudiced by counsel's deficient performance.

### Conclusion

We hold that Robertson was denied effective assistance of counsel. *Strickland,* 466 U.S. at 687, 694, 104 S.Ct. at 2064, 2068. We reverse the judgment and remand the cause for further proceedings consistent with this opinion.