**Opinion filed March 7, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00056-CR

_____

## EPHRAM JEROME SINCERE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 9485-D**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Ephram Jerome Sincere, of burglary of a habitation with intent to commit theft. Appellant pleaded true to the enhancement allegations, and the jury assessed punishment at confinement for fifty-five years. The trial court sentenced Appellant accordingly. We affirm.

### Issues on Appeal

Appellant challenges his conviction and sentence in two issues. Appellant first complains that trial counsel was constitutionally ineffective because he failed to prepare, he failed to understand the applicable law, and his physical disability limited his ability to communicate with Appellant.

Appellant also contends that the trial court erred when it denied his motion for new trial because the cumulative deficiencies of trial counsel deprived Appellant of his right to a fair trial. Because Appellant raised his claim of ineffective assistance of counsel in a motion for new trial, we address Appellant's issues together.

*Background Facts*

Amy Freeman was at her condo in Caton Place on May 2, 2010, when a man knocked on her door and asked for Dustin Williams. Freeman told the man that there was no one by the name of Dustin Williams at her address. Freeman then saw the man walk toward a white Suburban. Shortly thereafter, Freeman heard noises in her neighbor's condo. She knew that her neighbor, Jodi Thomas, was out of town, and Freeman looked out a window and saw the same man walk alongside Thomas's home with a duffle bag and then drive off in the white Suburban. Freeman identified Appellant from a photo lineup as the man who came to her door and whom she saw walking outside Thomas's home. While on her way back to town, Thomas received a phone call regarding a burglary at her condo. She later discovered that several items were missing from her condo.

Detective Mike Moschetto of the Abilene Police Department investigated the Caton Place burglary. As the investigation progressed, Detective Moschetto noticed similarities to other burglaries. Patricia Ray was the victim of one of those burglaries. She was at home when a man came to her door and asked for Dustin Williams. When Ray left for work, she saw the same man standing near a white car in her apartment complex parking lot. When Ray returned home from work, her apartment had been burglarized. Ray testified that several pieces of luggage were missing. She identified Appellant in a photo lineup as the man who came to her door.

A third victim of a similar burglary, Sue Young, was not called to testify. Although she provided the license plate of the vehicle used, Young was unable to identify Appellant in a photo lineup. However, Detective Moschetto testified that Young provided the temporary license plate number on a white Suburban used in the burglary. Using a police database, Detective Moschetto discovered that the Suburban was registered to Wyester Sincere, Appellant's wife. Detective Moschetto identified Appellant as a possible suspect who matched eyewitnesses' descriptions of the burglar.

Appellant was indicted for burglary of a habitation with intent to commit theft in connection with the Caton Place burglary. At trial, Appellant and his wife, Wyester, testified that, on May 2, 2010, they were coming home from Wyester's daughter's house in Carrollton, Texas. Appellant

2

testified that the permanent metal license plates were on the Suburban prior to the date of the alleged burglary at Young's home.

Treva Bowsher was a title clerk at Frontier Motors. Frontier Motors operated Second Chance Motors where Wyester purchased the white Suburban. Bowsher testified that temporary tags, which are used for recently purchased vehicles, are unique to both a buyer and a vehicle. Temporary tags are used until permanent license plates are received.

Appellant filed a motion for new trial. In his motion, Appellant claimed that his trial counsel rendered ineffective assistance because (1) he failed to adequately prepare for trial; (2) he failed to understand the law applicable to a testifying defendant; and (3) trial counsel's malfunctioning hearing aids limited his ability to effectively defend Appellant. After a hearing on the motion, the trial court denied it.

*Ineffective Assistance of Counsel*

Appellant argues that his trial counsel's deficient performance constituted ineffective assistance of counsel and violated his constitutional right to due process. Where an appellant initially raises his claim of ineffective assistance of counsel in a motion for new trial, we review the trial court's denial of the motion for an abuse of discretion. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). A trial court abuses its discretion when no reasonable view of the record could support the trial court's denial of a new trial. *Id.* The trial court is the sole judge of the credibility of the witnesses and the weight given to their testimony. *Melton v. State*, 987 S.W.2d 72, 75 (Tex. App.—Dallas 1998, no pet.).

The benchmark for evaluating an ineffective assistance of counsel claim is whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The *Strickland* test has two prongs: (1) a performance standard and (2) a prejudice standard. *Id.* at 687.

For the performance standard, we must determine whether Appellant has shown that counsel's representation fell below an objective standard of reasonableness. *Id.* Second, we then determine whether there is a reasonable probability that the outcome would have differed but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland*, 466 U.S. at 686; *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005). The reasonable probability must rise to the level that it undermines confidence in the outcome of the trial. *Isham v. State*, 258 S.W.3d 244, 250 (Tex.

3

App.—Eastland 2008, pet. ref'd).  A failure to make a showing under either prong of the *Strickland* test defeats a claim of ineffective assistance of counsel.  *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010); *Andrews*, 159 S.W.3d at 101; *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

### A.  Deficient Performance

The first prong of *Strickland* requires Appellant to establish that trial counsel provided deficient assistance of counsel.  There is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689; *Isham*, 258 S.W.3d at 250.  To overcome this deferential presumption, an allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  In most cases, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance.  *Id.*  Under normal circumstances, the record on direct appeal will not be sufficient to show that trial counsel's representation was so deficient and so lacking as to overcome the presumption that counsel's representation was reasonable and professional.  *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

### 1.  Failure to Prepare

Appellant contends his counsel was deficient by not preparing for trial sufficiently, not calling trial witnesses and failing to bring materials to trial.  During the hearing on Appellant's motion for new trial, Appellant testified that trial counsel did not begin preparing for trial until December 3, 2010, three days before trial.  Because of this alleged procrastination, Appellant asserts he was unable to have two alibi witnesses present during the guilt/innocence phase of his trial.

A claim of ineffective assistance based on trial counsel's failure to call witnesses cannot succeed absent a showing that the witnesses were available to testify and that their testimony would have benefited the defendant.  *Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007); *Cate v. State*, 124 S.W.3d 922, 927 (Tex. App.—Amarillo 2004, pet. ref'd); *Johnston v. State*, 959 S.W.2d 230, 236 (Tex. App.—Dallas 1997, no pet.).  Appellant has failed to present evidence that the testimony of his witnesses would have aided his defense.  Appellant did not present these witnesses at the hearing on the motion for new trial, nor did he provide sworn affidavits authored by these witnesses.  We cannot speculate what these witnesses might have said.

At the hearing on the motion, Appellant and his wife both testified that his stepdaughters would attest to his alibi. Their testimony is conclusory and insufficient to show what the stepdaughters' testimony would have been. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994). Additionally, we note that both Appellant and his wife testified at trial to his alibi; the stepdaughters' testimony would have been cumulative. *Wong v. Belmontes*, 558 U.S. 15, 130 S. Ct. 383, 388 (2009) (failing to introduce cumulative evidence at trial does not give rise to *Strickland* prejudice). Thus, Appellant has not established that trial counsel was deficient for failing to present cumulative alibi testimony.

While trial counsel ably cross-examined the State's witnesses and called seven defense witnesses, excluding Appellant, it is apparent the jury was not convinced by the alibi testimony given by both Appellant and his wife. At the guilt/innocence phase of the trial, the jury was the sole judge of the credibility of the witnesses and the weight given to their testimony; it was within the jury's province to resolve the conflicting testimony. *Cain v. State*, 958 S.W.2d 404 (Tex. Crim. App. 1997); *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987).

Appellant further complained that trial counsel did not have his trial materials at trial. However, on cross-examination, he admitted that he had discussed the case with counsel during the five-month period before trial and that trial counsel had prepared several motions on his behalf. Trial counsel called seven witnesses during the guilt/innocence phase of the trial, not including Appellant or the State's eyewitnesses whom Appellant's attorney recalled. Appellant also admitted that trial counsel thoroughly cross-examined the State's witnesses, pointing out inconsistencies in their testimony. Trial counsel objected to the State's cross-examination of Appellant regarding his prior convictions and moved for a mistrial. The record does not reflect that trial counsel's representation was "so deficient and so lacking . . . as to overcome the presumption" that it was within the wide range of reasonable professional assistance. *Bone*, 77 S.W.3d at 833.

### 2. *Misunderstanding the Rules of Evidence*

Appellant next contends that trial counsel was ineffective when he questioned Appellant about his prior criminal history during the guilt/innocence phase of the trial. Appellant testified at the motion for new trial that trial counsel initially advised him not to testify. Appellant testified that, a few days prior to trial, his trial counsel changed his mind. Appellant took his trial counsel's new advice and decided to testify during the guilt/innocence phase.

As a result, on cross-examination, the State elicited testimony from Appellant that he had four prior felony convictions for burglary of a habitation with intent to commit theft and was on parole at the time of trial. Counsel's actions in advising Appellant to testify and in eliciting such testimony do not constitute sufficient proof that he lacked a valid trial strategy. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

The decision to testify ultimately rests with a defendant. *See Sapata v. State*, 574 S.W.2d 770, 771 (Tex. Crim. App. 1978); *Harper v. State*, 930 S.W.2d 625, 630 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Once Appellant took the stand, he was subject to the same rules as any other witness. *Harper*, 930 S.W.2d at 630. The record does not reflect that Appellant was coerced or forced to testify. The record is similarly silent on trial counsel's strategy in advising Appellant to testify. We note that trial counsel did not testify at the hearing on the motion for new trial. Where the record is silent, we cannot speculate on trial counsel's strategy. *Thompson*, 9 S.W.3d at 814.

Appellant's claim that, absent trial counsel's deficiencies, he would not have been exposed to the State's cross-examination is unsupported. The record reflects that, although Appellant took his trial counsel's advice to testify, Appellant made the ultimate decision to testify. Having taken the stand, Appellant opened the door to impeachment with his prior convictions. TEX. R. EVID. 609.

Rule 609 governs the admissibility of prior convictions for the purpose of impeachment. The relevant portions of Rule 609 are as follows:

> **(a) General Rule**. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

> **(b) Time Limit**. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

The prior convictions elicited from Appellant on cross-examination were four felony convictions involving crimes of moral turpitude. The dates of conviction were over ten years ago; however, Appellant testified that he was still on parole for his crimes. Because the record is silent as to Appellant's release from confinement, we assume the trial court found that the time limit of Rule

609 was satisfied, and the evidence's probative value substantially outweighed the prejudice. *See* Rule 609(b); *Strickland*, 466 U.S. at 694–95; *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009) (a trial court has broad discretion in determining the admissibility of evidence). Thus, Appellant's prior convictions were admissible for impeachment purposes.

This case is distinguishable from *Ex parte Menchaca* where the court found ineffective assistance of counsel when inadmissible convictions were, nonetheless, admitted at trial. *Ex parte Menchaca*, 854 S.W.2d 128, 133 (Tex. Crim. App. 1993). The *Menchaca* court held that there could be no strategic basis for allowing the jury to hear that the defendant had previously been convicted of the same offense for which he stood trial where such offenses were inadmissible under Rule 609. *Id.* at 131–33.

Similarly, in *Robertson v. State*, the Court of Criminal Appeals found that defense counsel performed deficiently for the same reasons found in *Ex parte Menchaca*. *Robertson v. State*, 187 S.W.3d 475, 485–86 (Tex. Crim. App. 2006). In *Robertson*, defense counsel "opened the door" by eliciting testimony on otherwise inadmissible prior convictions. *Id.* at 477–79. On remand, the court of appeals found that the deficiencies prejudiced the defendant. *Robertson v. State*, 214 S.W.3d 665, 668 (Tex. App.—Waco 2007, no pet.).

After a thorough review of the record, we cannot say that it was trial counsel's deficiencies that exposed Appellant to the State's cross-examination regarding his prior convictions. Nor can we say, upon this record, that the trial court abused its discretion when it denied the motion for new trial.

### 3. Physical Infirmity

Although the record supports the conclusion that trial counsel was hard of hearing, this in and of itself does not constitute deficient performance. *Aldrich v. State*, 296 S.W.3d 225, 250 (Tex. App.—Fort Worth 2009, pet. ref'd). The record reflects that trial counsel typically asked the witnesses or the trial court to repeat themselves if he could not hear them. We cannot hold that trial counsel's physical infirmity constitutes deficient performance. This challenged conduct fails to meet the first prong of *Strickland*.

### B. Prejudice to Appellant

Because Appellant has failed to establish that trial counsel was deficient, we do not reach the prejudice prong of *Strickland*. The trial court did not abuse its discretion when it denied the motion for new trial. We overrule Issue One and Issue Two.

7

*This Court's Ruling*

The judgment of the trial court is affirmed.


MIKE WILLSON

JUSTICE


March 7, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.