**Affirmed and Memorandum Opinion filed March 12, 2015.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-14-00467-CR

**TERRIO LAJOE HOLIDAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1383178**

## M E M O R A N D U M   O P I N I O N

Appellant Terrio Lajoe Holiday appeals his conviction for burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02(a)(1) (West 2011). In a single issue he argues his counsel rendered ineffective assistance at the punishment phase of trial by failing to object to hearsay testimony that appellant was involved in a number of other burglaries. We affirm.

BACKGROUND

Joseph Lambright, the complainant, testified that the day his apartment was burglarized, he had just left for work when he was called and told to come home due to a burglary. Guy Montgomery, one of Lambright's neighbors, saw two men inside Lambright's apartment and saw them come out with several items in their hands. Montgomery described one of the men as having a burn scar on his face. Items taken from Lambright's apartment included two shirts, a leather jacket, stereo, a sword with a samurai design, computer, monitor, and a safe.

Detective Corey Friedrich with the Harris County Sheriff's Office Burglary and Theft Division began investigating the burglary by searching LeadsOnline, a pawnshop database, to see if any of Lambright's items were recently pawned. Friedrich subsequently received a call that Lambright's stereo had been pawned at Top Dollar Pawn the same day as the burglary. He spoke to the clerk and manager, who provided him with appellant's name, and indicated that appellant used his photo identification to pawn Lambright's stereo. Using the information received at the pawnshop, Friedrich obtained a mug shot photo of appellant and placed it in a photo array. Friedrich showed the photo array to Montgomery, who identified appellant as one of the individuals he saw leaving Lambright's apartment.

The Top Dollar Pawn manager, Jorge Figueroa, testified he was familiar with appellant because he had pawned several items at his store. Figueroa also testified that appellant had previously asked one of the loan writers to change the serial number on an item he brought in for sale.

After the jury convicted appellant of burglary of a habitation, the State presented testimony of two law enforcement officers on punishment.

Deputy Linda Johnson of the Harris County Sheriff's Office testified that on

February 13, 2013, she was dispatched to the scene of a burglary. The burglary took place at an apartment complex, and the burglar entered through the front door. Rosanna Salinas, the leasing manager of the apartments, witnessed the burglary and described the suspect as a black male with a burn scar on his face. Maroun Ojeil was the tenant who was burglarized.

Deputy Friedrich, who had testified during guilt-innocence, testified that when he was investigating the Lambright burglary he determined that appellant had sold a total of 26 items to Top Dollar Pawn between December 31, 2012, and March 13, 2013. The items included jewelry, televisions, electronics, and stereo equipment. Friedrich matched the property to five separate burglaries. In all five burglaries, entry was made through the front door.

Friedrich testified that he matched some of the pawned items to the burglary of Ojeil's apartment. Appellant was listed as the individual who pawned the items. Friedrich also testified that Salinas identified appellant as the individual who she saw carrying items out of Ojeil's apartment.

The jury assessed punishment at confinement for 60 years in the Institutional Division of the Texas Department of Criminal Justice.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In a single issue appellant contends his trial counsel rendered ineffective assistance at the punishment phase of trial by failing to object to hearsay testimony that appellant was involved in a number of other burglaries.

An accused is entitled to reasonably effective assistance of counsel. *See* U.S. Const. amend. VI; Tex. Const. art. 1, § 10; *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on a claim of ineffective assistance of counsel, appellant must prove by a

3

preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness under the prevailing professional norms, and (2) there is a reasonable probability that, absent counsel's deficient performance, the outcome of the trial would have been different. *Strickland*, 466 U.S. at 689; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

When evaluating a claim of ineffective assistance, a reviewing court considers the totality of the representation and the circumstances of each case, without the benefit of hindsight. *Lopez*, 343 S.W.3d at 143. An appellate court must make a strong presumption that trial counsel's performance fell within the wide range of reasonably professional assistance. *Id*. at 142. It is not sufficient that an appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *Id*. at 142–43.

For an appellate court to find that counsel was ineffective, trial counsel's deficiency must be affirmatively demonstrated in the trial record. *Id*. at 142. The record must demonstrate that trial counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of trial counsel's subjective reasoning. *Id*. at 143.

When such direct evidence is not available, we will assume that trial counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Id*. Absent direct evidence, an appellate court should not find ineffective assistance of counsel unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). In this case, appellant did not allege ineffective assistance in a motion for new trial, and the record contains no explanation for counsel's conduct. We may therefore reverse only if "the conduct was so outrageous that no

4

competent attorney would have engaged in it." *Id*.

Appellant claims that his trial counsel was ineffective for failing to object to the hearsay testimony of the State's two witnesses on punishment concerning extraneous burglaries. Appellant argues that "[a]ll of the testimony from the two state's witnesses on punishment concerning extraneous burglaries of habitations was hearsay." Specifically, appellant points to Johnson's testimony that Salinas identified the burglar of Ojeil's apartment as a black male with a burn scar on his face. In fact, during Friedrich's testimony, appellant objected to hearsay when the State asked Friedrich if Salinas said she witnessed the burglary of Ojeil's apartment. The trial court sustained appellant's objection. Appellant also complains of counsel's failure to object to a photo array shown to Salinas in which she identified appellant.

Relying on *Ex parte Menchaca*, 854 S.W.2d 128 (Tex. Crim. App. 1993), appellant argues the record shows his counsel rendered ineffective assistance. *Menchaca* involved a post-conviction application for writ of habeas corpus and the record contained trial counsel's testimony concerning the reasons for his inactions. *Id*. at 128. Here, the case is on direct appeal and there is no record showing the reasons behind counsel's actions.

There may have been strategic reasons for not objecting to other references to appellant's identification in the extraneous burglary, but we may not speculate on counsel's motives in the face of a silent record. "An appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions[.]" *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *see also Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston

[1st Dist.] 1996, no pet.) (declining to speculate on various failures to object to admission of evidence).

Furthermore, isolated failures to object to improper evidence generally do not constitute ineffective assistance of counsel; whether counsel provides a defendant adequate assistance is to be judged by the totality of the representation rather than by isolated acts or omissions. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). Here, appellant's trial counsel conducted a thorough voir dire examination, cross-examined State's witnesses during guilt-innocence and at the punishment phase. Moreover, counsel made a hearsay objection during punishment that was sustained by the trial court. Accordingly, we cannot say that defense counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed*, 187 S.W.3d at 392. We overrule appellant's sole issue.

We affirm the trial court's judgment.


/s/     Ken Wise
        Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

6