ACCEPTED
06-15-00038-CR-40-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/14/2015 4:41:22 PM
DEBBIE AUTREY
CLERK

NOS. 06-15-00038-CR, 06-15-00039-CR, 06-15-00040-CR

IN THE

SIXTH COURT OF APPEALS

AT TEXARKANA, TEXAS

_____

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

5/15/2015 9:32:00 AM

DEBBIE AUTREY
Clerk

Robert Brice Daugherty,

Appellant,

v.

The State of Texas,

Appellee.

_____

On Appeal from the
6th District Court, Lamar County, Texas
Hon. Bill Harris, Presiding

_____

APPELLANT'S BRIEF

Don Biard
State Bar No. 24047755
Counsel for Appellant

ORAL ARGUMENT NOT REQUESTED

**IDENTITY OF PARTIES AND COUNSEL**

*Defendant Below*
*Appellant in this Court*

Robert Brice Daugherty

Counsel for Appellant:
      Don Biard                                 (on appeal)
      State Bar No. 24047755
      38 First Northwest
      Paris, Texas 75460
      Tel:  (903)785-1606
      Fax: (903)785-7580
      Email:  dbiard@att.net

      Dan Meehan                             (at trial)
      State Bar No. 13898700
      202 West Madison
      Clarksville, Texas 75426
      Tel:  (903)427-4547
      Fax:  (903)427-4549

*Appellee in this Court*

The State of Texas

Counsel for Appellee:
      Gary Young
      Lamar County Attorney's Office
      119 N. Main Street
      Paris, Texas 75460
      Tel:  (903)737-2458
      Fax: (903)737-2455

# TABLE OF CONTENTS

Identity of Parties and Counsel…………………............…………………………………….…1

Table of Contents……………………….............…………………………………….2

Index of Authorities…………………….........…………………………………….3-4

Issues Presented…………………………………………………………………………5

Summary of the Argument...............................................................................................5

Statement of the Case…………………………………………………………………...6

Procedural History……………………….......………………………………………..7-8

Facts……………….......………………………………………………………………9-10

Argument and Authorities……………………….........………………………………...11-15

Prayer…………………….........…………………………………………………………16

Certificate of Service……………………......……………………………………..……...17

Certificate of Compliance With Rule 9.4(i)(3).........................................................................18

# INDEX OF AUTHORITIES

## Caselaw

*Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013)....................13,14,15

*Ex Parte Cruz*, 739 S.W.2d 53, 58 (Tex. Crim. App. 1987)...................................11

*Ex Parte Duffy*, 607 S.W.2d 507, 517 (Tex. Crim. App. 1980).............................11

*Ex parte Lemke*, 13 S.W.3d 791, 796 (Tex. Crim. App. 2000)..............................12

*Ex Parte Menchaca*, 854 S.W.2d 128, 132 (Tex. Crim. App. 1993).......................11

*Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Crim. App. 1987)...............................12

*Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986)...........................11

*Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999)...............................11

*Missouri v. Frye*, 132 S.Ct 1399, 1405 (2012).....................................................12

*Murray v. Carrier*, 477 U.S. 478, 496 (1986).......................................................12

*Passmore v. State*, 617 S.W.2d 682, 686 (Tex. Crim. App. 1981).........................11

*Piland v. State*, 453 S.W.3d 473, 476 (Tex. App. – Texarkana, 2014)...................14

*Ramirez v. State*, 987 S.W.2d 938, 945 (Tex. App. — Austin 1999)......................11

*Strickland v. Washington*, 466 U.S. 668 (1984)..............................................11,12

## Constitutional Provisions

Sixth Amendment, United States Constitution…………………………………11

Fourteenth Amendment, United States Constitution……………………………...11

Article I, §10, Texas Constitution…………………………………............11

Article I, §19, Texas Constitution…………………………………………...11

## SUBJECT MATTER OF ISSUES PRESENTED

**I. Whether Appellant was denied effective assistance of counsel at trial because his trial counsel failed to communicate a plea offer to him?**

## SUMMARY OF THE ARGUMENT

**Prior to trial, the state made a plea bargain offer to Appellant's trial counsel. The state's offer was that Appellant would plead guilty to certain offenses with findings that the offenses occurred in a drug free zone and that Appellant was a habitual offender. In exchange, Appellant would receive sentences of 40 years' in prison with the sentences to run concurrently.**

**Appellant's trial counsel never communicated this offer to Appellant. However, Appellant would have accepted this offer had he been made aware of it. Additionally, the state's offer was left open for a specified time. Further, the record shows a reasonable probability the trial court would have approved the offer had Appellant been able to accept it. Accordingly, Appellant was denied effective assistance of counsel at trial.**

## NOTE ON COMBINED BRIEF

The convictions below were filed in three separate cause numbers. Accordingly, the appeal from each conviction has been assigned a separate case number in this court. All cases are being briefed together because the issues, argument, and authority presented herein are identical for each case.

## STATEMENT OF THE CASE

*Nature of the Case:*      Plea of Guilty to two Charges of Possession with Intent to Deliver a Controlled Substance and one Charge of Delivery of a Controlled Substance.

*Trial Court:*      The Honorable Bill Harris (*by assignment*)
6th District Court, Lamar County, Texas

*Trial Court Disposition:*      The trial court sentenced Appellant to life in prison.

**PROCEDURAL HISTORY**

On August 14, 2014, Appellant was indicted for the felony offenses of possession with intent to deliver methamphetamine of more than four grams but less than 200 grams in a drug free zone and possession of diazepam in an amount less than 28 grams in a drug free zone. He was also indicted as a habitual offender.[1]

On September 11, 2014, Robert Brice Daugherty was indicted for the felony offense of possession with intent to deliver methamphetamine of more than four grams but less than 200 grams in a drug free zone and possession of hydrocodone in an amount less than 28 grams. He was also indicted as a habitual offender.[2]

In a separate indictment on September 11, 2014, Appellant was indicted for the felony offense of delivery of methamphetamine in a drug free zone, again as a habitual offender.[3]

On February 11, 2015, the case proceeded to trial. The State elected to drop the possession charges and Appellant pled guilty to the remaining charge of delivery of methamphetamine and two charges of possession with intent to deliver methamphetamine. The state also dropped the drug free zone allegations with regard to two of the remaining charges.[4]

---

[1] CR 25886, pg. 7
[2] CR 25928, pg. 8
[3] CR 25958, pg. 2
[4] RR, pg. 7-12

Appellant also pled true to the habitual offender allegations to all offenses. Appellant elected to have trial court assess punishment. The trial court sentenced Appellant to life imprisonment on each charge with the sentences to run concurrently.[5]

---

[5] RR, pg. 95

**The Plea Offers**

Appellant was initially indicted for two offenses that occurred on June 3, 2014.[6] On August 8, 2014, the State offered a plea bargain of 50 years' imprisonment if Appellant would plead guilty to those offenses and two additional unindicted offenses with drug free zone and habitual offender findings.[7] On August 11, 2014, Appellant's trial counsel communicated this offer to Appellant and he countered with an offer of 15 years' imprisonment which the state rejected. The same day, the State countered with an offer of 40 years.[8] This offer was left open until August 29, 2014 – the date set for Appellant's examining trial on the offenses which occurred on June 3, 2014.[9]

On November 7, 2014, the trial court held a hearing to determine whether Appellant's appointed trial counsel should be allowed to withdraw due to a conflict of interest.[10] The trial court allowed Appellant's counsel to withdraw and appointed new trial counsel.[11]

At that hearing, the parties discussed the plea offers the state had made to Appellant's trial counsel. The State reiterated that it had initially offered an offer

---

[6] CR 25886, Pg. 7; CR 25928, Pg. 8
[7] RR, Def. Ex. #1
[8] RR, Def. Ex. #3, pg. 7
[9] CR 25928, pg. 96
[10] Def. Ex. #3, CR 25928 pg. 14
[11] CR 25928, pg. 16-17

of 50 years and had reduced that to 40 years. Appellant testified under oath that he had never learned of that 40 year offer.[12]

**Trial**

Appellant eventually made an open plea of guilty to three of the indicted offenses and elected to have the trial court assess punishment. At the punishment hearing, Appellant's new trial counsel again raised the issue of whether or not Appellant had been informed of the State's 40 year plea offer.

Through stipulated testimony, Appellant testified that he had never been told of the State's 40 year offer. Additionally, he testified that had he been informed of that offer he would have accepted it.[13]

After hearing all of the evidence, the trial court sentenced Appellant to life imprisonment on all charges with the sentences set to run concurrently.[14]

---

[12] Def. Ex. #3, pg. 7
[13] RR, pg. 90
[14] RR, pg. 95

**Issue No. 1 Restated:  Appellant was denied his constitutional right to effective assistance of counsel at trial because his appointed trial counsel failed to communicate a plea offer which Appellant would have accepted had he been so informed.**

## Standard of Review

Effective assistance of counsel is essential to a fair trial.  An accused's right to effective assistance of counsel is derived from four sources:  the Sixth Amendment and the "Due Process Clause" of the Fourteenth Amendment of the United States Constitution, the "right to be heard" provision of Article I, §10 of the Texas Constitution, and the "due course of law" provision of Article I, §19 of the Texas Constitution.[15]

The effectiveness of counsel's assistance is gauged by the totality of his representation.[16]  To establish ineffectiveness, counsel's representation must be shown to have fallen below an objective standard of reasonableness.  Further, it must be shown that there is a reasonable probability that but for counsel's errors or

---

[15] *Strickland v. Washington*, 466 U.S. 668 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *Ex Parte Duffy*, 607 S.W.2d 507, 517 (Tex. Crim. App. 1980), *overruled on other grounds*, *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999).

[16] *Ex Parte Menchaca*, 854 S.W.2d 128, 132 (Tex. Crim. App. 1993), *Ex Parte Cruz*, 739 S.W.2d 53, 58 (Tex. Crim. App. 1987), *Passmore v. State*, 617 S.W.2d 682, 686 (Tex. Crim. App. 1981).

11

omissions, the result would have been different. A reasonable probability is one which undermines confidence in the outcome.[17]

A reviewing court indulges in the presumption that counsel's conduct fell within the wide range of "reasonable professional assistance."[18] "The right to effective assistance of counsel … may in a particular case be violated even by an isolated error of counsel if that error is sufficiently egregious and prejudicial."[19] An appellant must overcome the presumption that counsel's conduct "might be considered sound trial strategy."[20] However, there are some omissions which defy explanation as, and cannot be justified on the basis of, reasonable trial strategy.[21]

### Analysis

A criminal defendant has a well-established right to effective assistance of counsel during the plea bargaining process.[22] It had long been the rule that a criminal defendant was denied effective assistance of counsel and prejudiced simply "by the missed opportunity of accepting" a plea bargain and presenting it to the trial court for consideration.[23]

---

[17] *Strickland*, 466 U.S. at 687

[18] *Strickland* at 698

[19] *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

[20] *Id.*

[21] *See, e.g., Ramirez v. State*, 987 S.W.2d 938, 945 (Tex. App. — Austin 1999).

[22] *Missouri v. Frye*, 132 S.Ct 1399, 1405 (2012); *Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Crim. App. 1987).

[23] *Ex parte Lemke*, 13 S.W.3d 791, 796 (Tex. Crim. App. 2000).

In 2013, however, the Court of Criminal Appeals established a new set of standards for determining whether a defendant was prejudiced during the plea bargain process. Now, when a defendant is not informed of a plea-bargain offer, he must show a reasonable probability that: (1) he would have accepted the offer; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain.[24]

Here we have evidence that an offer of 40 years was made and that Appellant was not made aware of the offer. Appellant testified at the November 2014 hearing that he was never made aware of the 40 year offer. Appellant testified through stipulated testimony at trial that he was never made aware of the 40 year offer and that he would have accepted it had he been aware of it. Accordingly, the record establishes with a reasonable probability that Appellant would have accepted the offer had he been made aware of it. This satisfies the first prong of the *Argent* test.

The record also establishes a reasonable probability the state would not have withdrawn this offer. The record shows the state left this offer open until a time certain—August 29, 2014. In fact, the record shows that when the offer expired on August 29, 2014, the state emailed Appellant's trial counsel to inform her that the

---

[24] *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013)

offer had expired and that the state would go back to the original 50 year offer.[25]

This satisfies the second prong of the *Argent* test.

As this court has previously noted, on direct appeal it is difficult to establish the third prong of the *Argent* test – that the trial court would have accepted the plea bargain.[26] The dissenting opinion in *Lemke* points out the difficulty of this task. "How is [the defendant] to determine whether a given judge will or will not accept the offer?"[27]

However, here the record establishes a *reasonable probability* that the trial judge would have accepted the 40 year offer. First, this offer was only 10 years less than the state's original offer of 50 years. This offer was made by the state to the defendant. It can be presumed that a local district attorney's office has a reasonable familiarity with what plea bargains its local trial judges are likely to reject or accept.

Second, the trial court made no indication at the November 2014 hearing that it would have rejected the 40 year offer. During the discussion, the trial court only pointed out that it was within the state's discretion to make or withdraw an plea offer and that Appellant should discuss the issue with his new attorney.[28]

---

[25] CR 25928, pg. 96
[26] *Piland v. State*, 453 S.W.3d 473, 476 (Tex. App. – Texarkana, 2014)
[27] *Argent* at 785
[28] Def. Ex. #3, pg. 7-8

Third, there was a lengthy discussion of this offer on the record at the punishment hearing. Again, the trial court made no indication that it would have rejected such an offer.[29] The record includes no other evidence that the trial court would have rejected the offer.

The state's 40 year offer was initiated by the state. It was well within the permissible range of punishment. The trial court was aware of the offer before and during trial. The trial court made no indication that it would have rejected such an offer. Accordingly, the record establishes a reasonable probability that the trial court would have accepted the 40 year plea bargain had it been communicated to, and accepted by, Appellant.

The *Argent* decision does not require the Appellant to establish with absolute certainty that its three pronged test has been met. It only requires the Appellant must show there is a *reasonable probability* that those factors are present.[30] Here the record establishes with a reasonable probability that: (1) Appellant would have accepted the state's 40 year offer had his trial counsel communicated it to him; (2) the state would not have withdrawn that offer had Appellant accepted it within the specified time frame; and (3) the trial court would not have refused to accept a 40 year plea bargain. Therefore, Appellant was denied his constitutional right to effective assistance at trial.

---

[29] RR, pg. 90-92
[30] *Argent* at 784

## Conclusion

The state made a plea bargain offer to Appellant which his trial counsel failed to communicate to him. Appellant would have accepted this offer had he known about it. The state would not have withdrawn the offer and the trial court would have likely accepted it. Therefore, Appellant was denied effective assistance of counsel at trial.

## Prayer

Appellant prays this court reverse the judgment below and remand to the trial court for a new trial.

Respectfully Submitted,

**/s/ Don Biard**

_____

Don Biard
State Bar No. 24047755
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Email: dbiard@att.net
Counsel for Appellant

# CERTIFICATE OF SERVICE

I certify that on May 14, 2015 a copy of the foregoing Appellant's Brief was served to the following parties by email.


**/s/ Don Biard**

_____

Don Biard


Attorney for Appellee:
Gary Young
Lamar County Attorney's Office

**CERTIFICATE OF COMPLIANCE PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 9.4(i)(3)**

TO THE HONORABLE COURT OF APPEALS:

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, Counsel for Appellant files this certification that Appellant's brief is a computer-generated document that contains 2,578 words. Counsel further certifies that he relied on the word count of the computer program used to prepare this document.

Respectfully submitted,

___/s/Don Biard_____
DON BIARD
State Bar No. 24047755
McLaughlin, Hutchison & Biard
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Counsel for Appellant